KERRIGAN, Respondent, *vs.* KELLY, Appellant.

1. Money advanced by one person to another upon faith of an agreement that a partnership should be entered into between them, may be recovered back if the party to whom it is advanced refuses to comply with the agreement.

*Appeal from St. Louis Court of Common Pleas.*

*Garesché & Williams*, for appellant. The evidence establishes that there was a partnership. If so, one partner cannot sue another at law, situated as these were in reference to their accounts. Chitty on Con. 236. 5 Mo. Rep. 112. 8 ib. 574. 10 Mo. Rep. 640.

*T. Polk*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. This was an action under the code for money due on a promissory note, and for money advanced and due for other purposes. The answer of Kelly, the defendant, admitted the giving of the note, and that the advances were made ; but he alleges that they were made by the plaintiff with an understanding that they should be partners in the building of an ice house, and in carrying on the business of selling ice ; that this contract being incomplete, after a large portion of the money had been advanced, the agreement between the parties was so modified that they were only to be partners in the buying and

selling of ice, and that the money received was applied to this object.

Kerrigan, the plaintiff, was examined as a witness, and testified that Kelly owned the lot on which the ice house was being erected, and that the money was advanced on the faith of an understanding, that he should be part owner of the ice house and lot as well as partner in carrying on the business of selling ice; that Kelly, after demand, refused to make him a deed for the lot and ice house, and would not permit him as a partner in the lot on which the ice house was to be built, but was only willing that he should be in the ice business with him by the year. He maintained, that the only understanding between him and Kelly was, that he should be a full partner in the ice house, lot, and ice business.

If there could possibly be any doubt about the the the testimony of Kerrigan, when standing by itself, yet, taken in connection with the answer, it is entirely clear. The defendant, in his answer, admits the understanding between the parties, which is testified to by the plaintiff, and says it was incomplete. No conveyance of the lot was ever made to the plaintiff in pursuance to the understanding, and there is no proof of the modified agreement spoken of in the answer. The plaintiff, then, had a right to recover all the money advanced by him.

Nothing is seen in the instructions given which could improperly influence the verdict, and those asked by the defendant were justly refused. The judgment below is, therefore, affirmed, with ten per cent. damages, with the concurrence of the other Judges.