Glennon A. GRIESENAUER and Bettye Mort Griesenauer, Plaintiffs-Respondents,

v.

BELLEAU LAKE DEVELOPMENT CO., a Missouri Corporation, Defendant-Appellant.

No. 32774.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1967.

Michael J. Ebeling, St. Louis, for defendant-appellant.

George E. Sullivan, O'Fallon, for plaintiffs-respondents.

ANDERSON, Presiding Judge.

This is a court tried case which we construe as being presented and determined as an action for money had and received. There was a finding and judgment for plaintiffs for $4,350.00. Defendant has appealed, contending that there is no reasonable basis for the trial court's decision.

Since this is a case tried without a jury we shall review same upon both the law and the evidence as suits of an equitable nature. Civil Rule 73.01(d), V.A.M.R. In doing so we determine the credibility, weight and value of the oral testimony and other evidence in the case. However, on sharply conflicting oral testimony our determination of the facts involves a certain degree of deference to the findings of the trial court who heard and observed the witnesses, Pope v. Cox, Mo., 417 S.W.2d 929, 933, and we do not set aside the judgment unless it is clearly erroneous. Civil Rule 73.01(d), V.A.M.R.

In 1963, discussions were had between plaintiff, Glennon A. Griesenauer and George Zinselmeier, representing defendant, concerning the sale to plaintiffs of a lot belonging to defendant and the construction of a dwelling house on said lot by defendant. Mr. Zinselmeier then prepared a proposed agreement on a regular real estate sales contract form. This instrument was introduced in evidence as plaintiffs' Exhibit

I, the material portions of which are as follows:

"St. Charles County; Mo., 11–17–63

"Received from Glennon A. Griesenauer and Bettye Mort Griesenauer (His Wife), hereinafter called purchaser, the sum of Forty Three Hundred Fifty & 00/100 Dollars ($4350.00) as earnest deposit and as part of the cash consideration for the purchase of the following described property situated in the County of St. Charles, Missouri, known and described as: Lot #251 Dardenne Lake Estates, Plat #1 In St. Charles County, Missouri, together with (if any) the improvements thereon and * * *: As Per Signed Plans and Specifications which property is this day agreed to be sold to purchaser subject to approval of seller by noon of November 25, 1963, and not otherwise (and if not so approved earnest deposit shall be returned to purchaser) for the total sale price of Twenty Seven Thousand One Hundred Twenty Five & 00/100 Dollars ($27,125.-00) on the following terms: Plus Closing Cost Earnest deposit made as per this receipt ................. $ 4350.00

\* \* \* \* \* \*

Cash to be paid on closing date of sale as hereinafter fixed (subject to adjustments as herein provided) .... $22,775.00

\* \* \* \* \* \*

[1] Final Sale Price To Be Determined At Time Plans and Specifications Are Approved Purchaser and Seller. G.Z. 12/15/63 (s)

\* \* \* \* \* \*

The sale under this contract shall be closed * * * at the office of Community Federal, 8944 St. Charles Road * * * on Completion of home on Lot 251 or on such prior date as the parties hereto may agree. All adjustments referred to on the reverse side hereof to be made as of When loan is closed. Title to pass when sale is closed. Time is of the essence of this contract. Possession of property to be delivered to purchaser at time of transfer of title, or on _____."

The instrument in question bears the signature of Glennon A. Griesenauer and by George A. Zinselmeier, for Belleau Lake Development Company. On the reverse side of said instrument there appears the following notation: "Received $4250.00 Down Payment on 12/15/63. $100.00 To Be Paid After Jan. 1, 1964. Received 5/4/64. George Zinselmeier." (s)

Defendant seeks a reversal of the judgment on the theory that plaintiffs are not entitled to restitution. In support of this contention, it is urged that a binding contract was entered into between the parties; that defendant was at all times ready, able, and willing to perform its part of the contract but that plaintiffs repudiated the contract by demanding a conveyance of the lot, or a return of the earnest money deposit, thereby forfeiting same.

Plaintiffs contend there was no binding contract for the reason that the parties never reached an agreement as to plans and specifications for the house contemplated in their negotiations and in the instrument executed by them, and for that reason the parties agreed to abandon the project which imposed a duty upon defendant to return the earnest money deposit.

Mr. Griesenauer testified that at the time the instrument in question was prepared he had no firm agreement with Mr. Zinselmeier as to what type of house would be built; that he and Mr. Zinselmeier had differences over what would go into the house and its price; that he had plans and specifications prepared by West Wabash Construction Company which were received by him on December 15, 1963; that

---

1. This part of the instrument is handwritten. All other parts are printed and typewritten, except for the signatures and a notation of receipt of $4,350.00 appearing on the back of said instrument.

he did not sign the document on November 17, 1963, but did on December 15, 1963, when there was incorporated therein the provision that the sales price would be determined at the time the plans and specifications were approved; that the reason he signed was because Mr. Zinselmeier said he would have to have a signed contract to give to the Community Federal in order to get a clear title to the lot. An agreement was reached with respect to the sales price in the sum of $27,125.00, but according to plaintiffs' testimony, he and Mr. Zinselmeier could not agree on the plans and specifications. He detailed certain items in the plans that Mr. Zinselmeier wanted changed which he said would cheapen the house, to which he would not agree.

The sum mentioned in plaintiffs' Exhibit I, represented the price of the lot, $4,000.00 plus $350 for a membership in the Dardenne Country Club. As evidence of his membership in the Country Club, Mr. Griesenauer received what he described as a debenture bond. The evidence shows that Mr. Grisenauer paid to defendant the total sum of $4,350.00. He also testified the contract depended upon his selling the house he was then living in, which he was never able to do.

Plaintiff, Glennon A. Griesenauer, gave the following testimony:

"Q. (By Mr. Sullivan) Now, Mr. Griesenauer, was there a time when you and Mr. Zinselmeier agreed that you could not get together on the plans? A. Yes, there was. Q. And when was that? A. A little over a year ago, I would say, about June of 1965—near June—along in there. Q. Now, Mr. Griesenauer, * * * did Mr. Zinselmeier tell you what he would do so far as this money that you had paid him—A. (interrupting) Yes. Q. (continuing)— at that time? A. Yes, sir. Q. And what did he say? A. He said that he would sell the lot and give me my money back because he didn't want to give me title to it then because the lot was worth about $6,000.00, now. Q. * * * did you agree to this? A. I did, yes. Q. And did Mr. Zinselmeier sell the lot or did he give you any of this $4,350.00? A. Not a bit. Q. Have you made demand on him for this, Mr. Griesenauer? A. I have. Q. And, of your own knowledge, has your attorney made demand on him? A. Yes, sir. Q. Did Mr. Zinselmeier ever give you a reason why he would not return this money? A. Yes; he told me that he didn't have it."

Mrs. Griesenauer testified that she was not present when her husband and Mr. Zinselmeier disagreed over the plans. Mr. Willman, who was an ex-partner of Mr. Zinselmeier, testified for plaintiffs, but his testimony throws no light on the issues before us.

Mr. Zinselmeier testified that he and Mr. Griesenauer signed plaintiffs' Exhibit I on November 17, 1963; that Mr. Griesenauer had the plans at that time, for otherwise he could not have had the instrument written and dated on that date and at the specified price; that the price set forth in the instrument was based upon the plans and specifications submitted; that the handwriting which appears on the document was placed there at a later date, December 15, 1963; that on that date there were minor changes which Mr. and Mrs. Griesenauer desired; that they wanted "to kick this around a little bit" until they could determine exactly what they wanted, and took the plans with them; that there were no further discussions after that regarding changes in the plan; and that he was presently willing to go through with his part of the contract.

Mr. Zinselmeier further testified that he did not sell this lot because it belonged to the Griesenauers; that at a later date, when the Griesenauers determined they could not sell their house and did not want to go through with the contract, he told them if he could make a deal with people who were

previously interested he would return the money paid under the contract; that he had not been able to make that deal.

On cross-examination, he stated that the lot would sell for $7,500.00; that $4,000.00 was the figure used in the contract for fixing the price of the house and lot; that Mr. Griesenauer asked if he could get a deed to the lot, but he told Mr. Griesenauer he would not get a deed to the lot until the house was built; that defendant had a development loan under which this lot was covered by a mortgage and that under normal procedure there would have to be a partial release on this lot in order to convey title; that it was his contention that defendant had a contract which it was ready, willing and able to perform; that Mr. Griesenauer took the plans and said that when they decided what they were going to do, they would bring back the plans and discuss the final price.

■ From the foregoing evidence we find there was no binding contract between the parties for the sale of the premises because there was no meeting of the minds as to the plans and specifications.

By the express terms of the instrument this essential element was left to future determination. According to the testimony of Mr. Griesenauer this determination was never made. He further testified that after he presented the proposed plans to Mr. Zinselmeier the latter wanted material changes therein that would cheapen the house to which he would not agree. This was apparently after the parties had tentatively agreed on the sale price based upon the plans and specifications submitted. It is true that Mr. Zinselmeier testified that it was the Griesenauers who delayed the final determination, and that he was ready, able and willing to go through with his part of the proposed contract. However, we believe, as the trial court evidently did, that

plaintiffs' evidence on this phase of the case was the more credible. This Court has held that if an essential term of a contract is reserved for future determination by the parties, there can be no binding agreement until such determination is made. Bogert Construction Company v. Lakebrink, Mo. App., 404 S.W.2d 779. Plaintiffs' Exhibit I merely amounted to an offer of a contract which defendant has not accepted.

■ It therefore appears that there is a failure of consideration for the sum paid in contemplation of the purchase of the house and lot, for which an action for money had and received will lie. 58 C.J.S. Money Received § 5, p. 915. Propst v. Sheppard, Mo. App., 174 S.W.2d 359; Koontz v. Whitaker, Mo.App., 111 S.W.2d 197; Kerrigan v. Kelly, 17 Mo. 275; Keane v. Beard, 11 Mo. App. 10. It further appears from the instrument signed that defendant agreed that if the seller should not approve the sale under the proposed terms the "earnest money shall be returned to purchaser."

■ A person who seeks restitution in an action such as this has the duty to account to the other for what he has received from the transaction. Restatement of the Law, Restitution, Sec. 159. In this case plaintiff received a membership in the Dardenne Country Club for which he paid the sum of $350.00 which membership he has retained. Plaintiffs are not entitled to recover the amount paid for this membership. However, plaintiffs are entitled to recover the sum of $4,000.00, the down payment on the contemplated sale of the house and lot.

The judgment is reversed and the cause remanded with direction to enter judgment for plaintiffs in the sum of $4,000.00 with interest thereon from March 9, 1966, the date suit was filed.

WOLFE, J., and JOHN C. CASEY, Special Judge, concur.