BOGERT CONSTRUCTION COMPANY, a Corporation and Assignee of Calvin H. Bogert, doing business as Bogert Construction Company, Plaintiff-Respondent,

v.

Marvin E. LAKEBRINK and Evelyn B. Lakebrink, Defendants-Appellants.

No. 32186.

St. Louis Court of Appeals.

Missouri.

June 14, 1966.

Motion for Rehearing or for Transfer to Supreme Court Denied July 13, 1966.

Theodore P. Hukriede, Washington, for defendants-appellants.

Blumenfeld, Kalishman, Marx & Tureen, Charles E. Kopman, Richard Marx, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

This is an action to establish a mechanic's lien against the property of the defendants brought by the contractor who built a house for them. The trial court awarded plaintiff judgment in the amount of $10,539.44 and a lien. Only two of the allegations of prejudicial error stated in the brief are properly before this court and only one of these was included in the motion for new trial. It deals with the trial court's action in admitting evidence of and allowing an amount to plaintiff arising from his supervision of the work on defendants' house. The other allegation of prejudicial error properly before us does not arise from the motion for new trial but since it questions the sufficiency of the evidence to support the judgment in this court tried action, it may be raised for the first time in the brief. Civil Rule 79.03, V.A.M.R. The evidence herein stated will be limited to that bearing on those issues.

The parties had entered into a written agreement for the building of the defendants' house. There are four provisions of that agreement pertinent to the issues here involved. Paragraph 2 thereof provided: "This contract is subject to both Bogert and Lakebrinks agreeing on plans and specifications plus color and finish. Said plans and specifications shall be signed by both parties hereto. The plans and specifications shall become a part of this contract." That same paragraph also provided that the total payment to plaintiff was to be $45,800.00. Paragraph 3 provided that the plaintiff was to furnish at his own cost and charge, all the material and labor for the items covered by the agreement. (The exclusions from the agreement are of no importance to the issues involved in this appeal.) Paragraph 5 provided that in the event of alterations or changes desired by the defendants, " * * * the cost and expense thereof is to be agreed upon in writing, and such agreement is to be signed by the parties hereto." Paragraph 7 required the plaintiff to fully pay the material men and workmen so that no liens would be filed by them against the property.

Plaintiff's evidence was that there were extensive and frequent changes made in this house as work on it progressed and that, with reference thereto, the provisions of paragraph 5 of the contract were never obeyed or even referred to. Defendants contended that the only change that was made was not at his order and resulted from positioning the house on an improper grade. The undisputed evidence was that defendants had paid a total of $47,736.77 to the plaintiff prior to this action. The defendants' own evidence was that Dr. Lakebrink paid material men and workmen direct. His testimony was, "That was the prior arrangement, that they would be okayed by the construction company and then they would be sent to me so that I could write the check to them."

The plaintiff's theory, set forth in his pleading and as stated throughout the trial, was that this contract never came into full force and effect; was never acted upon nor did the parties proceed thereunder; and in fact was discarded prior to the inception of the work. Accordingly, the plaintiff, proceeding upon a theory of quantum meruit, set up items in a lien statement totaling $18,179.03. Of this sum $13,762.14 represented materials furnished or work done for which plaintiff contended defendants owed him, and $4,416.89 represented the balance due on his supervisory fee of $6,-

241.77 after crediting $1,824.88 already paid. During the trial inquiry was made of the plaintiff regarding the value of his supervisory services. Defendant objected on the grounds that this was not an item set forth in the lien statement and also because it was not a proper item for allowance in an action based on quantum meruit. Plaintiff's counsel then stated that the language "Prime contractor's 10% fee," as stated in the lien statement, may have been a misuse of terms but that plaintiff's theory, as shown by the question he asked plaintiff, was that he was entitled to the value of plaintiff's supervisory services and that plaintiff was not seeking to recover for any profit. The trial court overruled the objection. The plaintiff was then questioned at length regarding the time involved and the type of supervision he rendered and concluded by giving his opinion of the reasonable value of his supervisory services as $6,000.00. Extensive cross examination covered the same matters.

The trial court awarded the plaintiff $7,342.13 out of the $13,762.14 total stated in the lien statement for materials and labor, $4,500.00 for supervision, and granted defendant a credit of $1,202.79 representing an overpayment, for a total judgment of $10,539.44. Of the items which the court allowed for materials and labor, the defendant offered evidence as to only one item, a charge of $742.50 to Awning Service and Sales. Dr. Lakebrink testified that the materials making up this item had not been delivered or installed in the house and that he had personally ordered some different items of the same nature but had paid for them. The plaintiff's evidence on this matter was that he did not know whether these materials comprising this item were delivered and installed in the house or not. Defendants offered no evidence as to any other item allowed by the trial court except the overpayment heretofore stated and the balance due on the masonry work. However, as to this last matter the defendants raise no point on this appeal.

The extent of our review of the trial court's decision is too well known to require extensive citation of authority. We are to consider both the law and the evidence de novo granting deference to the findings of the trial court when based upon an issue of credibility of the witnesses. Oliver L. Taetz, Inc., v. Groff, 363 Mo. 825, 253 S.W.2d 824 [1]; Mo.Digest, Appeal and Error, 

The principal issue to be ruled is whether the evidence supports this judgment. Defendants contend it does not. Their entire argument in this regard is based upon the contention that, as stated in their brief, " * * * a party may waive a contract and sue in quantum meruit for labor done and material furnished, but the recovery cannot exceed the contract price." To that effect they cite Taetz v. Groff, supra. That case does hold that where an express contract has been fully performed by one party, nothing remaining for the other to do but make payment, the one who has fully performed may, at his election, declare on the contract or proceed for quantum meruit. In the event he chooses quantum meruit then his recovery is limited to the price agreed in the contract. However, the court in Taetz, supra, immediately prior to the recitation of the rule upon which defendants rely, found there was no abandonment of the contract there involved. In the instant case it is clear from the evidence that first, there was no binding contract ever entered into by these parties; second, even if there had been, the defendants' actions show it was abandoned and disregarded. There was no contract in force because by its very terms, as found in paragraph 2, the contract was made subject to the parties reaching an agreement upon plans and specifications "plus color and finish." This court has held that "If the essential terms of the contract are reserved for future determination of the parties, there can be no valid agreement." Tessler v. Duzer, Mo.App., 309 S.W.2d 1, l. c. 3, 4. Color and finish may or may not, depending

upon the nature of the work and other circumstances in a given case, be essential items. In any event, few things, if any, can be said to be more essential to a contract for the erection of a house than the plans and specifications. The only evidence is that this provision was never complied with by the parties, and, in fact, the defendants admitted additional drawings were made and followed. That being so, the condition upon which this agreement was to become effective never took place and the contract cannot be said to govern the rights and obligations of these parties.

■ Even if we were to assume, arguendo, there had been a contract in full force and effect, the evidence of abandonment is abundant. Whatever changes were made, whether extensive as plaintiff testified and the trial court believed, or minor as the male defendant testified, were accomplished in complete disregard of the provisions of paragraph 5 of the contract. Moreover, the defendants admit to having paid plaintiff almost $2,000 more than the price called for by the contract and this without any showing that there were extras requiring such overpayment and in seeming refutation of their own testimony that there were no major changes made in the house calling for additional payments. It must also be noted that defendants made no effort, by counterclaim filed prior to trial or at any time thereafter, to recover this amount of money paid in excess of the price called for by a contract they contend was in full force and effect. In addition, in dereliction of the provisions of paragraphs 3 and 7, the defendants' own evidence is that they paid material men and workmen directly, stating that they did so only after the payment had been "okayed" by the plaintiff. If there had been an effective contract, it was abandoned by the parties.

Under either view, i.e., that there was no effective contract to begin with or that whatever contract existed was abandoned by the parties, the plaintiff is not restricted to the amount stated in the contract. The situation is, to all practical effect, the same as that presented in Baerveldt and Honig Const. Co. v. Dye Candy Co., 357 Mo. 1072, 212 S.W.2d 65. In that case the court found the contract had been abandoned by the parties and rejected the attempts of the defendant in that case to restrict recovery to the contract price. The court there found abandonment due to the numerous and extensive changes made as construction progressed. The instant case presents a factual situation calling even more strongly for a finding the parties had abandoned their agreement. This, because in addition to changes made in the plans, the defendants admittedly paid more than the price called for in the contract, making no attempt to recover what would be an excess payment had their contention the contract was in effect been upheld, and also because the defendants proceeded to pay material men and workmen on their own, in disregard of the provisions of the contract relating thereto.

■ However, we do find the allowance of one item by the trial court unsupported by the evidence. The amount of $742.50 by the Awning Service and Sales should not have been allowed plaintiff. The plaintiff did not prove this item was actually furnished by him and used in the house. His evidence was that he did not know whether it was or not. The defendants' evidence was that it was not used on this job and in fact replaced by other material personally purchased by them. Accordingly, that item must be deducted from the judgment.

■ We pass now to the contention the plaintiff cannot, in a quantum meruit proceeding, recover fees for supervising the work done on this house. The right of a person performing services such as those rendered by the plaintiff to recover the reasonable value of such services is recognized in Knoch v. Frye, Mo.App., 363 S.W.2d 737, although that case is decided upon the issue of whether there was evidence of the reasonable value of such ser-

vices. This court, in Rodgers v. Levy, Mo. App., 199 S.W.2d 79, recognized the distinction between an attempt, in a quantum meruit action, to recover for profit and one to recover for personal services, stating that "If plaintiff was entitled to recover at all, the action being in quantum meruit, he was entitled to recover the reasonable value of his personal services as well as what he paid out for the services of others, but he was not entitled to such a charge as a profit on the contract." In the very case cited and relied upon by the defendants, Bradley Heating Co. v. Thomas M. Sayman Realty & Investment Co., Mo., 201 S.W. 864, l.c. 868, the court, refusing to award profit in a quantum meruit action, stated: "So, too, if the contractor had put an item in his account for his services rendered in assembling the material and labor and superintending the work, and made proof of the reasonable value thereof, we might have a different case." While the language used in the lien statement is awkward and ambiguous, the theory upon which plaintiff sought and was awarded fees for supervision was made clear at the trial. Defendants certainly had no doubt that it was not for profit but for services as their cross-examination went entirely as to the amount of time spent and nature of supervisory work plaintiff did on this job. This allegation of prejudicial error is ruled adversely to the defendants.

The judgment must be reversed and the cause remanded to the trial court with directions to enter its judgment for the plaintiff in the amount of $9,796.94 and to grant him a lien for that amount against the defendants' property. Plaintiff to pay the costs of this appeal.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. Judgment reversed and cause remanded to the trial court with directions to enter its judgment for the plaintiff in the amount of $9,796.94 and to grant him a lien for that amount against the defendants' property. Plaintiff to pay the costs of this appeal.

ANDERSON, (Acting) P. J., RUDDY, J., and BLOOM, Special Judge, concur.