Alan E. WALKER, Appellant,

v.

MODERN REALTY OF MISSOURI, INC., John E. Tillotson, II, Appellees.

No. 81–2240.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1982.

Decided April 19, 1982.

Charles C. Shafer, Jr., Kansas City, Mo., for appellant.

Knipmeyer, McCann, Fish & Smith, Kenneth O. Smith, James Welsh, Koenigsdorf, Kusnetzky, Wyrsch & Stites, James R. Wyrsch, Kansas City, Mo., for appellees.

Before STEPHENSON, Senior Circuit Judge, ARNOLD, Circuit Judge, and HANSON,* Senior District Judge.

ARNOLD, Circuit Judge.

This is a diversity action for breach of a contract of employment. The District Court[1] held that the contract was for an indefinite term and terminable at will by either party. It therefore, the Court said, could not, under Missouri law, be the subject of an action for wrongful discharge. The complaint was dismissed before trial. We agree and affirm.

By letter agreement dated April 16, 1979, defendant, Modern Realty of Missouri, Inc., agreed to employ plaintiff, Alan E. Walker, as manager of land sales. Mr. Walker's salary was fixed at "$40,000.00 per year." The last substantive paragraph of the letter read as follows:

This agreement will not be time limited but shall continue in full force and effect so long as it is mutually satisfactory to both parties.

Plaintiff argues that the contract is ambiguous and could have been found by a jury to obligate defendant to retain plaintiff in its employ for at least a year. (Plaintiff was fired after seven months.) We think not. An agreement that continues in force "so long as it is mutually satisfactory to both parties" necessarily ceases when one party is no longer satisfied with it. The reference to a yearly salary, in the context of a clear provision making continuation of the relationship contingent on both parties' will, can reasonably be read only to establish the rate of pay, not the minimum duration of employment.

Plaintiff claims that the use of the phrase, "to both parties," at the end of the paragraph in issue creates an ambiguity. If the contract were truly terminable at will, the argument runs, it would have provided simply for continuance "so long as it is mutually satisfactory." The word "mutually" is sufficient, without more, to indicate that both parties must be satisfied for the arrangement to continue. Since each word should be considered to mean something that would not have been provided for in its absence, the phrase "to both parties" must have been added, we are told, to make certain that the contract would continue until both parties wished to terminate it. The argument is ingenious but unavailing. The phrase "to both parties" may be redundant, or it may have been added for emphasis, as often occurs in informal communications, either oral or written. But the meaning is clear. The interpretation of an unambiguous writing is for the court, not a jury, and this letter is unambiguous. Either party could terminate the contract at any time.

Plaintiff also asserts a theory of "promissory estoppel." He relied to his det-

---

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Hon. John W. Oliver, Senior United States District Judge for the Western District of Missouri.

riment, he says, on defendant's promise by, among other things, moving "himself, his family and his children from a warm Texas to a cold Missouri." Brief for Appellant 10. It would be unjust to allow defendant to discharge him, he claims, without being liable for some kind of compensation. It is true that courts will sometimes enforce a promise that does not have the usual requisites of a contract, if a plaintiff has reasonably relied on that promise to his detriment. But here no promise was broken. The parties agreed on an employment at will, and nothing more. The contract did not require defendant to have a good reason, or any reason, for discharging plaintiff.

If this result is harsh, and if, as plaintiff urges, an implied obligation of employers to act in good faith should be imposed by the law, the obligation must be created by the law-making authority of Missouri, not by us. The judgment dismissing the complaint is

*Affirmed.*