Lawrence B. CLARK, Plaintiff–Appellant,

v.

**WASHINGTON UNIVERSITY,**
Defendant–Respondent.

No. 67111.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 8, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Warren W. Friedman, Garry McCubbin, St. Louis, for appellant.

Peter H. Ruger, Teri B. Goldman, St. Louis, for respondent.

DOWD, Judge.

Lawrence B. Clark appeals from the trial court's judgment dismissing his claim against his former employer Washington University (University) for wrongful discharge. We affirm.

In October 1981, University hired Clark as its Manager for Contract Administration and Project Management. In April 1991, Clark received a letter from Richard E. Anderson, University's Vice Chancellor for Administration and Finance, which stated:

> I am pleased to inform you that as Manager, Contract Administration & Project Management your compensation for the year 1991–92, effective July 1991, computed at an annual rate, will be:
>
> | Salary | $47,600.00 |
> |---|---|
> | Annuity Contribution | $ 5,474.00 |
>
> Your first monthly salary payment based on this rate will be made on July 31, 1991.

In previous years, Clark had received letters which stated, "This is to confirm your reappointment and compensation for the year...."[1] In August 1991, he received written notice of termination of his employment effective as of November 15, 1991.

On November 1, 1993, Clark filed a two-count petition against University alleging he was wrongfully terminated on November 15, 1991. In Count I, he alleged that the 1991 letter constituted a contract of employment for a year's term and that the University breached the contract by terminating him. In Count II, he alleged a claim for promissory estoppel arguing the letter constituted a promise of employment for one year and he reasonably relied on the letter.

In response, University filed a motion to dismiss alleging Clark's petition failed to state a claim upon which relief could be granted. On October 3, 1994, the trial court entered its order dismissing both counts of Clark's petition and Clark appealed.

■ University alleges Clark's brief does not preserve any issues for this court's review because it fails to comply with Rule 84.04. In his sole point relied on, Clark states:

THE TRIAL COURT ERRED IN GRANTING RESPONDENT WASHINGTON UNIVERSITY'S MOTION TO DISMISS, BECAUSE APPELLANT'S PETITION STATED A CAUSE OF ACTION UPON WHICH RELIEF COULD BE GRANTED.

Clark's point is insufficient because it fails to state "wherein and why" the trial court erred. A point relied on should contain (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the trial court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable. *Thummel v. King*, 570 S.W.2d 679, 685–86 (Mo. banc 1978); *Jefferson v. Bick*, 872 S.W.2d 115, 118[2] (Mo.App. 1994). Clark's point fails to state what rule the trial court should have applied and the evidentiary basis for that ruling. Further, Clark's promissory estoppel claim is not discussed at all in the argument portion of his brief; all of these allegations are impermissibly raised for the first time in his reply brief. *See, In re Estate of Caldwell*, 794 S.W.2d 257, 260[1] (Mo.App.1990).

■ Although Clark's brief fails to comply with Rule 84.04, we review his claims *ex gratia* for plain error. In reviewing the trial court's judgment of dismissal for failure to

---

1. The letters Clark received in 1989 and 1990 both use this language. These are the only letters included in the legal file.

state a claim, all facts properly pleaded are taken as true and given every reasonable intendment as a valid statement of a claim. *Lovelace v. Long John Silver's, Inc.,* 841 S.W.2d 682, 684[1] (Mo.App.1992). If the allegations contained in the petition invoke principles of substantive law which, if proved would entitle the pleader to relief, the petition suffices and may not be dismissed. *Id.* The letter Clark received from University in April 1991 is insufficient to establish a contract. Clark argues that a similar letter was found to be an employment contract in *Luethans v. Washington University,* 894 S.W.2d 169 (Mo. banc 1995). However, the *Luethans* case is distinguishable for two reasons. First, the letter Luethans received stated, "This is to confirm your *reappointment* (our emphasis) ... with compensation at the following rate," rather than merely stating what his salary would be for that year. *Id.* at 170. In *Luethans,* the supreme court stated that a statement of duration is an essential element of an employment contract. *Id.* at 172. Other Missouri cases have held that a valid employment contract must either specify the duration of employment or limit the reasons for which the employee may be discharged. *Kaskowitz v. Commerce Magazine, Inc.,* 793 S.W.2d 628, 631[3] (Mo. App.1990); *Krasney v. Curators of University of Mo.,* 765 S.W.2d 646, 651[10] (Mo.App. 1989). " '[A]n indefinite hiring at so much per day, or per month, or per year, is a hiring at will, and may be terminated by either party at any time.' " *Kaskowitz,* 793 S.W.2d at 631[3].

Second, *Luethans* is distinguishable because Luethans eventually conceded he had an employment contract with University.[2] Also, the supreme court found, even absent this concession, Luethans was estopped from arguing there was no contract because he received and accepted payment for the entire period covered by the letter. *Luethans,* 894 S.W.2d at 170 n. 1. Here, University did not continue paying Clark or accepting his performance.

Clark also argues that in all of the years prior to 1991, he received a letter from University confirming his reappointment and compensation for the next year. He argues this created a pattern of yearly hiring; and since the 1991–92 letter did not state otherwise, he presumed that he and University had renewed their one-year contract. Clark relies on 53 Am.Jur.2d, Master and Servant, Section 23 (1970), which states:

> [U]pon the expiration of a contract of employment for a definite term, the employee continues to render the same services as he rendered during the term of the contract without explicitly entering into any new agreement, it will be presumed prima facie that he is serving under a new contract having the same terms and conditions as the original one. This presumption applies to both the duration of, and the remuneration for, the continued employment. It may be rebutted by evidence showing a change of the terms of the contract, or by proof of facts and circumstances showing that the parties understood that the terms of the old contract were not to apply to the continued service.

*See also, Vogel v. Washington Metro. Area Transit Authority,* 533 F.2d 13, 15[1] (D.C.Cir.1976) (where parties enter into a contract of employment for a term of one year, and then agree to continue the relationship *without a new agreement,* they are presumed to have renewed the original contract for one year).

█ Assuming arguendo that the letters Clark received from University in prior years formed a series of one-year contracts, Clark's continuing to work for University after the 1990–91 contract expired still fails to raise the presumption that another one-year contract was formed because University sent him a letter covering the 1991–92 period. University would not have sent Clark a letter covering the 1991–92 period if it intended for the terms of the previous letters to apply. We find University purposely excluded the language "reappointing" Clark to his position for another year so there would be no question he was an at-will employee. Any previous contract Clark had with University had expired by the time he was discharged, and

---

2. Luethans contended he was an at-will employee and thus was protected by Missouri law which, at the time, arguably recognized a public policy exception for at-will employees.

University was not under any obligation to Clark. An employer may discharge an employee who is not subject to an employment contract for a definite term at any time with or without cause provided no statutory provision is violated. *Petersimes v. Crane Co.*, 835 S.W.2d 514, 515[2] (Mo.App.1992).

Clark also failed to state a claim for promissory estoppel. The essential elements of a claim of promissory estoppel are: a promise, detrimental reliance on the promise in a way in which the promisor should have or did foresee, and an injustice which can only be avoided by enforcement of the promise. *Townes v. Jerome L. Howe, Inc.*, 852 S.W.2d 359, 360[4] (Mo.App.1993). An employee must prove his employer made a promise in a contractual sense and may not use promissory estoppel to recover against a former employer where an employment contract could not be proven. *Mayer v. King Cola Mid–America, Inc.*, 660 S.W.2d 746, 749[6, 7] (Mo.App.1983); *Danella Southwest, Inc. v. Southwestern Bell Telephone Co.*, 775 F.Supp. 1227, *aff'd* 978 F.2d 1263.

In arguing Clark failed to state a claim for promissory estoppel, University relies on *Walker v. Modern Realty of Missouri, Inc.*, 675 F.2d 1002 (8th Cir.1982). In *Walker*, the court found there was no contract to employ Walker for a certain amount of time even though the agreement fixed his salary at "$40,000 per year," because the agreement stated it would continue in effect "so long as it is mutually satisfactory to both parties." *Id.* at 1003[1]. The court also found Walker could not bring a promissory estoppel claim even though he moved from Texas in reliance on defendant's representations he would have a job because defendant did not break any promise by discharging Walker. *Id.* at 1004[3].

We find University did not make a promise to Clark sufficient to support a claim of promissory estoppel. Point denied.

Judgment affirmed.

CRANE, P.J., and CRANDALL, J., concur.