Kenneth J. PRENGER, Appellant,

v.

Cyril BAUMHOER, Respondent.

No. WD 51599.

Missouri Court of Appeals,
Western District.

Jan. 30, 1996.

Jerry W. Venters, Venters, Pletz & Reed, P.C., Jefferson City, for appellant.

Duane E. Schreimann, Hendren & Andrae, Jefferson City, for respondent.

Before FENNER, C.J. P.J., and LOWENSTEIN and HANNA, JJ.

LOWENSTEIN, Judge.

This appeal arose from the trial court's grant of a motion to dismiss (for failure to state a claim) the appellant's petition which sought injunctive relief and specific performance on a contract for the sale of a business.

The appellant, Kenneth Prenger, was a prospective purchaser of real estate and of a service station and towing business known as the "Broadway Shell" located on Jefferson Street in Jefferson City. The property was owned and the business operated by the respondent, Cyril Baumhoer. In December 1994, the two parties began negotiating terms for the sale, and their talks continued over a period of time.

The two parties met on March 6, 1995 along with their respective representatives, Baumhoer's attorney and Prenger's accountant, to discuss a possible deal. After the meeting, Baumhoer's attorney produced a letter describing some details upon which the parties had come to "tentative agreement" in the meeting.

The letter provides in pertinent part:

"This letter is to confirm the tentative agreement between Cyril Baumhoer and Ken Prenger regarding Mr. Prenger's purchase of Broadway Wrecker Service and its related assets.

The parties tentatively agreed that on April 1, 1995 Mr. Prenger will pay to Mr. Baumhoer $925,000."

The letter included a list of twelve detailed items that had been discussed and tentatively agreed upon. In addition, there were provisions for environmental studies to be later conducted as well as provisions providing for the status of current employees of the business. The letter continued:

"This agreement is contingent upon Mr Prenger obtaining suitable financing.

If Mr. Prenger obtains suitable financing, the parties will proceed directly to develop a comprehensive written contract, including terms satisfactory to both sides, including further contingencies for appraised value of the property and the results of environmental studies, to provide for the sale of the business from Mr. Baumhoer to Mr. Prenger."

The two parties signed the letter.

Baumhoer's attorney notified Prenger's accountant on March 29, 1995 that he would no longer sell the business to Prenger, because he had instead entered into a contract with a

third party for the purchase of the Broadway Shell business "for cash" in the amount of $925,000.

Prenger obtained approval from his bank for financing the purchase of the Broadway Shell on March 30, 1995. Prenger sent a letter on April 1, 1995 to Baumhoer's attorney and Baumhoer informing them he still desired to close the deal.

Prenger sued for injunctive relief and specific performance based on an allegedly binding agreement reached by the two parties in the March 6, 1995 letter. Baumhoer in turn filed a motion to dismiss which was granted.

■■■ In reviewing a motion to dismiss, all facts alleged in the petition are deemed true and the plaintiff is afforded the benefit of every reasonable inference. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983). If the facts and the reasonable inferences therefrom establish any ground for relief, the petition should not be dismissed. *J.S. DeWeese Co. v. Hughes–Treitler Mfg. Corp.*, 881 S.W.2d 638, 642 (Mo. App.1994).

■■ Prenger, the buyer, argues that the trial court erred in dismissing his petition because the March 6, 1995 letter contained all essential elements for a binding contract which warranted injunctive relief and specific performance.

■■ It is the task of this court to ascertain whether the document in question did in fact make a valid and enforceable contract. "For a contract to be valid and enforceable the nature and extent of its obligations must be certain ... The offer must be sufficiently specific on the terms of the contract that, upon its acceptance, a court may enforce the contract so formed." *Around the World Importing, Inc. v. Mercantile Trust Company, N.A.*, 795 S.W.2d 85, 90 (Mo.App.1990) (citations omitted).

Two cases seem to run parallel to the facts before this court. The first, *Jenks v. Jenks*, 385 S.W.2d 370 (Mo.App.1964), concerned a settlement "contract" incorporated into a divorce decree. The alleged contract for the education of the Jenks' child provided that "the parties shall mutually agree in writing upon the school such child shall attend. It is contemplated that each of the children shall have an opportunity to attend an Eastern school ..." *Id.* at 372. In *Jenks* as here, there were provisions left to be solidified at a later date. The pertinent language at bar is as follows: "If Mr. Prenger obtains suitable financing, the parties will proceed directly to develop a comprehensive written contract, including terms satisfactory to both sides, including further contingencies for appraised value of the property and the results of the environmental studies, to provide for the sale of the business from Mr. Baumhoer to Mr. Prenger." The language of the letter appears to contain a condition to financing, and nothing in the language indicates that this is a final agreement.

The court in *Jenks* stated that "there can be no contract so long as the essential terms thereof are reserved for the future determination of both parties ... Unless all the terms and conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect." *Id.* at 376 (citations omitted). *Jenks* is persuasive here.

The second similar case is *Bogert Construction Co. v. Lakebrink*, 404 S.W.2d 779 (Mo.App.1966). This case involved a written agreement for the construction of a house, which read in pertinent part as follows: "This contract is subject to both Bogert and Lakebrinks [sic] agreeing on plans and specifications plus color and finish. Said plans and specifications shall be signed by both parties hereto." *Id.* at 780. The court determined that the agreement was not a legally binding and enforceable contract because "the contract was made subject to the parties reaching an agreement upon plans and specifications 'plus color and finish'." *Id.* at 781.

In the case at bar, both parties assented to the letter, but simply agreed that at a later date, if all future terms were mutually satisfied, a "written comprehensive contract" would be developed. The language itself imparts the notion that this letter was not a

final agreement and that more terms needed to be agreed upon and realized.

█ The use of the word 'tentative' throughout the letter also indicates that this was not a contract in the sense of intention to contract. The first sentence, "This letter is to confirm the tentative agreement between Cyril Baumhoer and Ken Prenger ..." seems merely to announce that this is a memorandum of what had gone on in the meeting earlier that day. "If the content of an agreement is unduly uncertain and indefinite, no contract is formed." *Around the World Importing,* 795 S.W.2d at 90. The use of 'tentative' and other vague language leads the court to conclude this is not a contract.

In essence, this court has determined that the letter of March 6 was exactly that, just a letter that never rose to the level of being a contract. This court concurs with the trial court's assessment that it "is at most an agreement to negotiate a future contract, with a tentative agreement upon some of the terms of the anticipated future contract."

█ Even if this court had interpreted the March 6 letter to be an offer with the condition of financing prior to acceptance, Baumhoer's attorney still timely and properly revoked the offer before Prenger accepted. The offer was revocable because Prenger gave no consideration to keep the offer open. According to case law, an offer is revocable if no consideration is given. *See Hendricks v. Behee,* 786 S.W.2d 610, 612 (Mo.App.1990).

For the above-mentioned reasons, this court agrees that the trial court properly dismissed the petition. Affirmed.

All concur.