Kenneth J. **PRENGER**, Appellant,

v.

Cyril **BAUMHOER**, Respondent.

No. WD 52938.

Missouri Court of Appeals,
Western District.

Feb. 18, 1997.

Jerry W. Venters, Jefferson City, for appellant.

Duane E. Schreimann, Christopher P. Rackers, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Kenneth Prenger appeals from the decision of the circuit court granting summary judgment and entering judgment in favor of Cyril Baumhoer. Appellant alleges two points of trial court error. First, appellant argues respondent's Motion for Summary Judgment failed to comply with Rule 74.04(c)(1) in that it did not state with particularity each material fact as to which there was no genuine issue. Appellant next contends that the letter setting forth a "tentative agreement" between the parties constituted a promise sufficient to support a claim of promissory estoppel even though it had already been determined by this court in *Prenger v. Baumhoer*, 914 S.W.2d 413 (Mo.App. 1996), that the same letter was not a binding contract. Appellant specifically asserts that promissory estoppel is available as a remedy to enforce a promise which does not create a binding contract but nevertheless has been detrimentally relied upon by a promisee.

Because we find that the alleged promise in this case was not definite enough to sustain appellant's promissory estoppel claim, we affirm. In addition, as this is not a frivolous appeal, we deny respondent's Motion for Sanctions.

Respondent is the owner and operator of a service station and towing business in Jeffer-

son City known as the Broadway Shell. This business includes several parcels of real estate, numerous vehicles, machinery, tools, inventory, equipment, accounts receivable and contracts relating to the towing, storage and servicing of motor vehicles. Seeking to purchase the business, appellant approached respondent and discussions concerning a possible sale commenced in late 1994. Appellant's initial offers were rejected. On March 6, 1995, the parties and their representatives met and the negotiations continued. Following discussion of several terms and conditions, respondent's attorney drafted a letter outlining a "tentative agreement" for the sale of the Broadway Shell for $925,000 on April 1, 1995. Both parties signed the letter. The letter states in part:

> This letter is to confirm the tentative agreement between Cyril Baumhoer and Ken Prenger regarding Mr. Prenger's purchase of Broadway Wrecker Service and its related assets.

> . . . .

> This agreement is contingent upon Mr. Prenger obtaining suitable financing.

> If Mr. Prenger obtains suitable financing, the parties will proceed directly to develop a comprehensive written contract, including terms satisfactory to both sides, including further contingencies for appraised value of the property and the results of environmental studies, to provide for the sale of the business from Mr. Baumhoer to Mr. Prenger.

The letter additionally lists twelve details tentatively agreed to by the parties.

However, on March 29, 1995, respondent's attorney notified appellant's representatives that respondent had contracted to sell the Broadway Shell to a third party for $925,000 in cash. The next day, appellant's request for bank financing was approved and he orally notified respondent that he had obtained suitable financing. Appellant then sent respondent and his attorney a letter on April 1, 1995, informing them that he was ready to close the deal. Respondent's attorney later denied that respondent had any obligation to sell to appellant.

Appellant filed suit in a two count petition seeking injunctive relief and specific performance of the letter. Appellant later filed an amended petition adding a claim for specific performance on the theory of promissory estoppel (Count III). The trial court dismissed the petition as to Counts I and II. On appeal, this court held that the letter was not a contract because of the use of "tentative" and other vague language. *Prenger*, 914 S.W.2d at 416. We instead concurred with the trial court's assessment that the letter "is at most an agreement to negotiate a future contract, with a tentative agreement upon some of the terms of the anticipated future contract." *Id.* We also held that, even if the letter was an offer with the condition of financing prior to acceptance, the offer was timely revoked because respondent gave no consideration to keep the offer open. *Id.*

Count III seeks enforcement of respondent's alleged promise to enter into a contract for the sale of the Broadway Shell and, alternatively, monetary damages to offset expenses appellant incurred in reliance on the letter. Respondent filed a Motion for Summary Judgment and, after a hearing, the trial court granted the motion. The trial court gave the following three reasons for its ruling: (1) the letter "does not contain a promise to sell the Broadway Shell" so there is "no promise to sell upon which appellant is entitled to rely;" (2) appellant's attempt to enforce any oral promises violates the Statute of Frauds; (3) the letter is not "certain and definite." We now take up appellant's appeal as to Count III.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as matter of law. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). In reviewing the trial court's order of summary judgment, the record is considered in the light most favorable to the party against whom judgment was entered, according the non-movant the benefit of all reasonable inferences which may be

drawn from the evidence. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Reed v. Ocello*, 859 S.W.2d 242, 244 (Mo.App.1993).

■ The Restatement (Second) of Contracts, § 90 (1981), provides in part:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

From this, Missouri courts have established the four elements necessary to sustain a promissory estoppel claim. They are: (1) a promise; (2) promisee detrimentally relies on the promise; (3) promisor could reasonably foresee the precise action the promisee took in reliance; and (4) injustice can only be avoided by enforcement of the promise. *Moore v. Missouri–Nebraska Express*, 892 S.W.2d 696, 703 (Mo.App.1994). The promise giving rise to the cause of action must be definite, *Amecks, Inc. v. Southwestern Bell Tel.*, 937 S.W.2d 240, 242 (Mo.App.1996), and the promise must be made "in a contractual sense." *Clark v. Washington University*, 906 S.W.2d 789, 792 (Mo.App.1995). Similarly, in *Danella Southwest, Inc. v. Southwestern Bell Tel. Co.*, 775 F.Supp. 1227, 1237 (E.D.Mo.1991), a case relied upon in *Clark*, the court said that:

The first essential element of promissory estoppel is that the defendant has made a binding offer in the form of a promise. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981). The promise must be sufficiently definite and delineated to support a claim of detrimental reliance. *Bower v. AT & T Technologies, Inc.*, 852 F.2d 361, 366 (8th Cir.1988).

Under Point I appellant alleges that the trial court erred in granting respondent's Motion for Summary Judgment for the reason that it failed to comply with Rule 74.04(c)(1)[1] in that the motion did not state with particularity each material fact as to which there was no genuine issue. Appellant suggests that the only undisputed fact in the motion was that this court had previously held the letter not to be a contract, and that other "undisputed facts" were merely a recital of the procedural history of this case.

The only critical fact outside the trial court pleadings was that the letter did not create a binding contract since, as is discussed in greater detail below, the alleged promise in this case was not definite enough to sustain appellant's promissory estoppel claim. Therefore, as there was no genuine issue of material fact to be decided, the trial court properly granted summary judgment in favor of respondent. Point I is denied.

■ Appellant's Point II alleges that the trial court erred in finding that the letter was not sufficient to support a claim of promissory estoppel for the reason that it was not an enforceable contract. To the contrary, appellant argues that the promise element of the doctrine of promissory estoppel need not satisfy contract requirements and that, if it were otherwise, promissory estoppel would be a "meaningless" and "hollow theory." Appellant further contends that respondent knew or should have known that he would rely on the letter and incur expenses.[2]

■ A promise is a "manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." Restatement (Second) of Contracts, § 2 (1981). Appellant notes that the Restatement explains in Comment a. that a promise "denotes the act of the promisor" and that "[i]f by virtue of other operative

---

1. Rule 74.04(c)(1) provides in part:

    Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts.

2. In reliance on respondent's alleged promise to convey the Broadway Shell, appellant claims that he incurred expenses in obtaining environmental impact studies, appraisals, bank financing and other steps to take over the business.

facts there is a legal duty to perform, the promise is a contract; *but the word 'promise' is not limited to acts having legal effect." Id.* (emphasis added). Appellant then cites three cases supporting his position: *Walker v. Modern Realty of Missouri, Inc.,* 675 F.2d 1002, 1004 (8th Cir.1982) (courts will sometimes enforce a promise that does not create a contract if a party has reasonably relied on promise to his detriment); *Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900, 905 (Colo.1982) (promissory estoppel applies where there has not been mutual agreement on all essential terms to a contract, but promisor should reasonably have expected promisee to rely on promise and promisee in fact relied on promise); *Hoffman v. Red Owl Stores, Inc.,* 26 Wis.2d 683, 133 N.W.2d 267, 275 (1965) (Restatement does not dictate that promise be so comprehensive in scope as to satisfy contract requirements). *See also,* 3 Corbin on Contracts, § 8.9 n. 2 (Eric Mills Holmes rev. ed. 1996).

However, courts in Missouri, *see Amecks* and *Clark,* supra, and other states [3] have resolved this issue against appellant.

In *Clark,* a ten-year university employee received a letter in April 1991 informing him of his annual salary. The letter, unlike letters from previous years, did not include language referring to his "reappointment." In August 1991, Clark received written notice of his termination. He later filed a two-count petition against the university alleging (1) that the letter constituted a contract of employment for a year's term and that the university breached the contract, and (2) that the letter constituted a promise under promissory estoppel and that he reasonably relied on it. Although Clark's brief failed to comply with Rule 84.04, the appellate court reviewed his claims for plain error. 906 S.W.2d at 790. The court held that Clark was an at-will employee and that, as a result, he could be discharged at any time. *Id.* at 791. The court also held that Clark failed to state a claim for promissory estoppel because an "employee must prove his employer made a promise in a contractual sense and may not use promissory estoppel to recover against a former employer where an employment contract could not be proven." *Id.* at 792. (citations omitted).[4]

Appellant has tried to distinguish *Clark* because the decision there turned on the fact that there was no promise sufficient to support a claim of promissory estoppel. Even though *Clark* involved an alleged promise between an employer and employee, we find it to be applicable here. As noted previously, the letter in the instant case is "at most an agreement to negotiate a future contract.…" *Prenger,* 914 S.W.2d at 416. Such agreements have been held unenforceable because they merely signal that additional negotiations are required and will be forthcoming. *See Keil v. Glacier Park,* 188 Mont. 455, 614 P.2d 502, 507 (1980); *Weitzman v. Steinberg,* 638 S.W.2d 171, 176 (Tex.App. 1982). This, coupled with the tentative nature of the letter, leads us to conclude that the letter here does not contain a promise definite enough to permit appellant to recover under promissory estoppel.

It has been suggested that, in promissory estoppel cases, the focus should be on how the promise relates to "its ability to provoke reliance" rather than just the promise in isolation.[5] It is possible, if not likely, that appellant's reliance in this case was foreseeable to respondent given the circumstances surrounding their negotiations. In any event, because the letter was characterized as a "tentative agreement" we have focused primarily on the alleged promise itself. In *Resnik v. Blue Cross and Blue Shield,* 912

---

**3.** *See Lohse v. Atlantic Richfield Co.,* 389 N.W.2d 352, 357 (N.D.1986) and cases cited therein; Metzger & Phillips, *The Emergence of Promissory Estoppel as an Independent Theory of Recovery,* 35 Rutgers L.Rev. 472, 496 (1983).

**4.** For clarification purposes, we note that a binding contract is not required for promissory estoppel to apply. In Missouri, however, as we have seen, it is required that a promise be as definite and delineated as an offer under contract law.

**5.** Metzger & Phillips, supra, at 539; *see also* 3 Corbin on Contracts, supra, at 29–30, which states: "The test is whether a reasonable person would rely on the statements as creating an obligation. On the other hand, a supposed promise that is 'wholly illusory' or a mere expression of intention, hope, desire, or opinion, which shows no real commitment, cannot be expected to induce reliance."

S.W.2d 567, 573 (Mo.App.1995), the court determined that the promise element in promissory estoppel, when combined with the elements for equitable estoppel, "is more than simply 'a promise.' It is a promise or action which is inconsistent with later actions by the party...." Here, respondent did act inconsistent with the agreement. Respondent, though, was not *obligated* to carry out the agreement because it was merely a "tentative agreement." The letter did not prohibit respondent from entertaining other bids. The result we reach may appear harsh since appellant relied on the alleged promise to sell prior to the April 1 deadline. However, the letter here did not amount to a promise under promissory estoppel. Point II is denied.

We finally note that respondent claims that this is a frivolous appeal and he has filed a Motion for Sanctions in that regard. Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." A frivolous appeal is one that presents no justiciable question and is so readily recognizable as devoid of merit that there is little prospect that it can ever succeed. *Mackey v. Mackey,* 914 S.W.2d 48, 50 (Mo. App.1996). Although not entirely persuasive, appellant's position on appeal was compelling and supported by substantial authority. Respondent's motion is denied.

Affirmed.

All concur.