**JAMISON ELECTRIC, LLC, Appellant,**

v.

**DAVE ORF, INC., d/b/a ORF Construction, Respondent.**

### No. ED 98710.

Missouri Court of Appeals, Eastern District, Division Four.

April 9, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2013.

Application for Transfer Denied Aug. 13, 2013.

Matthew D. Menghini, Brian E. McGovern, McCarthy, Leonard, & Kaemmerer, L.C., Chesterfield, MO, for Appellant.

W. Dudley McCarter, Timothy J. Reichardt, Behr, McCarter & Potter, P.C., St. Louis, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Jamison Electric L.L.C. ("Jamison") appeals from the trial court's dismissal of its action against Dave Orf, Inc. ("Orf") for breach of contract and promissory estoppel. Jamison filed its claims against Orf, a general contractor on a construction project, when Orf failed to use Jamison as the electrical subcontractor on the project after Orf solicited and received a bid for electrical work from Jamison for the project. The trial court subsequently granted Orf's motion to dismiss for failure to state a claim. Because Jamison failed to plead facts sufficient to allege the making of a promise necessary to support either a claim of breach of contract or promissory estoppel, we affirm the judgment of the trial court.

*Factual and Procedural History*

The facts alleged in Jamison's petition are as follows. Sometime prior to February 2012, St. Louis County ("County") issued a Request for Proposal ("RFP") from construction contractors for a building project known as the St. Louis County Communications Center Project ("Project"). The RFP invited contractors to submit estimates for the completion of the project in a public bidding process. The RFP also required that contractors submit a list of the subcontractors that the contractor intended to use for specific tasks within the larger project. The RFP stated that contractors were required to use the subcontractors listed in their bid, unless they obtained permission from County to change subcontractors.

Jamison submitted a subcontractor bid to Orf to perform electrical work for the Project. Orf used Jamison's bid as part of its bid submission to County for the Project. When Orf submitted its completed bid to County, Orf listed Jamison as an intended subcontractor for the Project. After County awarded Orf the Project as the low bidder, Orf asked Jamison to provide a revised estimate based on slightly different work requirements. Jamison complied with Orf's request and submitted a revised bid. For reasons unknown to this Court, Orf did not use Jamison as the electrical subcontractor for the Project, and selected a different subcontractor to perform the work.

Jamison filed a petition alleging claims of breach of contract and promissory estoppel against Orf. Orf moved to dismiss Jamison's action on grounds that Jamison failed to state a claim. Specifically, Orf asserted that the petition failed to allege any promise made by Orf to Jamison to use Jamison as a subcontractor on the Project if Orf was selected as the general contractor. Orf argued that such a promise is required for Jamison to state a cause of action for either breach of contract or promissory estoppel. The trial court granted Orf's motion to dismiss. Jamison now appeals.

## Point on Appeal

In its sole point on appeal, Jamison argues the trial court erred in dismissing its cause of action because the petition alleged facts sufficient to state a claim for breach of contract and promissory estoppel. Specifically, Jamison argues that the petition alleges that the RFP issued by the County created a promise from Orf to Jamison sufficient to support Jamison's breach of contract and promissory estoppel claims.[1]

## Standard of Review

This Court reviews *de novo* the grant of a motion to dismiss. *Grellner v. Foremost Signature Ins. Co.*, 291 S.W.3d 351, 353 (Mo.App. E.D.2009). We accept as true the facts alleged in the petition. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). The petition is reviewed to determine whether it alleges facts that "meet the elements of a recognizable cause of action, or of a cause that might be adopted." *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 601 (Mo.App. E.D.2009).

## Discussion

■■■ To state a claim for breach of contract, a plaintiff must allege the existence of a contract, that the plaintiff tendered performance, the defendant did not perform, and damages. *White v. White*, 293 S.W.3d 1, 23 (Mo.App. W.D.2009). The elements of a contract are competency of the parties, subject matter, legal consideration, and mutual agreement and obligation. *Dancin Development, LLC v. NRT Missouri, Inc.*, 291 S.W.3d 739, 745 (Mo.App. E.D.2009). To state a claim for breach of contract, the plaintiff first must plead, *inter alia*, the defendant made a legally binding promise to plaintiff. *See*

*id.* To state a claim of promissory estoppel, a plaintiff must allege a promise made by the defendant; foreseeable, detrimental reliance on the promise by the plaintiff; and that an injustice would occur unless the promise is enforced. *Clark v. Washington University*, 906 S.W.2d 789, 792 (Mo.App. E.D.1995).

The existence of a promise made by Orf to Jamison is an essential element of Jamison's breach of contract and promissory estoppel actions. Accordingly, we must determine whether Jamison alleged sufficient facts in its petition that, if taken as true, establish the existence of a promise made by Orf to Jamison that Orf would use Jamison as a subcontractor if Orf was awarded the Project as general contractor.

Jamison offers the County's RFP as the promise which binds Orf to use Jamison as subcontractor under its claims asserted either as breach of contract or promissory estoppel. Jamison posits that the promise necessary to support both claims of its petition is found in the RFP requirement that Orf identify the subcontractors it proposes to use if awarded the Project, coupled with limitations imposed by the RFP that would preclude Orf from changing subcontractors without County's approval. In its petition, Jamison avers that the RFP, required Orf submit to County a "list of principal subcontractors to be used in performing the work." Jamison also avers in its petition that the RFP stated that "the listed principal subcontractor shall be used by the successful bidder; exceptions must be justified to and authorized by [County]." Jamison further alleges that the RFP provided that "subcontractor assignments as identified in the bid

---

1. Jamison also asserts that the trial court may have improperly considered evidence outside the pleadings when granting Orf's motion to dismiss. Jamison does not raise this issue in a separate point on appeal and the trial court's order provides no indication that it considered such evidence.

proposal shall not be changed without written approval of [County]."

In its breach of contract claim, Jamison alleges:

> **Based on the terms of the RFP,** Orf promised Jamison that it would use Jamison as the electrical subcontractor for the Project if Jamison submitted a bid to Orf, and if Orf designated Jamison as its electrical subcontractor for the Project, and if Orf was awarded the work for the Project, (emphasis added).

Similarly, in its claim of promissory estoppel, Jamison contends:

> Orf promised to Jamison **by virtue of the terms of the RFP** that Orf would use Jamison as its electrical subcontractor for the Project if Jamison submitted a bid to Orf and Orf thereafter identified Jamison as its electrical subcontractor in Orf's bid to St. Louis County, (emphasis added).

Jamison has proceeded with its lawsuit on the misguided premise that the mandatory language of the RFP issued by the County constitutes a promise from Orf to Jamison.

Although Jamison cites no Missouri authority on point to support its theory of recovery, it offers the Ninth Circuit's decision in *Electrical Construction & Maintenance Co., Inc. v. Maeda Pac. Corp.,* 764 F.2d 619 (9th Cir.1985) as guidance. In *Maeda,* a subcontractor brought suit for breach of contract and promissory estoppel against a general contractor after the contractor was awarded a project using the subcontractor's bid. As here, the general contractor did not use the subcontractor during the project. *Id.* at 620. The subcontractor alleged that it had not initially submitted a bid to the general contractor for the project, and only later submitted a bid to the contractor when the contractor specifically promised it would give the subcontractor the work on the project if the subcontractor submitted a

bid and the general contractor was later awarded the project. *Id.* at 621. On appeal, the Ninth Circuit held that the contractor's promise that it would use the subcontractor for the work in consideration for the subcontractor submitting a bid to the contractor was an enforceable promise. *Id.* at 623. Accordingly, the court held that the subcontractor alleged facts sufficient to state claims for breach of contract and promissory estoppel. *Id.* at 620–23.

*Maeda* provides no support to Jamison and is inapposite to the facts of this case in one significant respect: even accepting as true all the factual allegations contained in Jamison's petition, unlike *Maeda,* the petition does not sufficiently allege that Orf promised Jamison that it would use Jamison as the actual subcontractor if Orf was awarded the Project. *Maeda* alleges a specific and direct promise made by the general contractor to the subcontractor. Here, Jamison alleges the existence of a promise regarding the use of subcontractors made between Orf and County. Jamison is not a party to that promise. Critical to the deficiency of its petition, Jamison does not assert in its petition that Orf promised Jamison he would use Jamison as a subcontractor if Orf was awarded the Project. Given the inapplicability of *Maeda* to the facts of this case, Jamison provides no authority that the provisions of the RFP somehow constitute a binding promise between Orf and Jamison.

The causes of action of both breach of contract and promissory estoppel require the existence of a promise by the defendant to the plaintiff, here between Orf and Jamison. *See White,* 293 S.W.3d at 23 and *Clark,* 906 S.W.2d at 792. The RFP simply does not provide a basis for establishing that Orf made or breached any contract with Jamison because the RFP does not constitute a promise by Orf to Jami-

son. *See East v. Galebridge Custom Builders, Inc.,* 839 S.W.2d 720, 722 (Mo. App. E.D.1992) (affirming dismissal of breach of contract action because no privity existed between subcontractor and party entering into larger agreement with contractor). Jamison's argument is even further attenuated from the ruling in *Maeda* because an RFP is "not an offer to contract, but an offer to receive proposals for a contract." *Metcalf & Eddy Services, Inc. v. City of St. Charles,* 701 S.W.2d 497, 499 (Mo.App. E.D.1985), *quoting State v. Sevier,* 339 Mo. 483, 98 S.W.2d 677, 680 (1936). The RFP also provides no basis for Jamison's claim of promissory estoppel for the same reason that the RFP cannot establish a promise between Orf and Jamison. *See Clevenger v. Oliver Ins. Agency, Inc.,* 237 S.W.3d 588, 590 (Mo. banc 2007) ("The promise giving rise to [a promissory estoppel claim] must be definite, and the promise must be made in a contractual sense.")

The allegations contained in the petition relating to the RFP are insufficient as a matter of law to allege a promise by Orf to Jamison. Because the petition contains no allegations of facts that, if true, establish the existence of a promise made by Orf to Jamison, Jamison failed to state claims for breach of contract and promissory estoppel. *See White,* 293 S.W.3d at 23 and *Clark,* 906 S.W.2d at 792.

### Conclusion

Finding no error, we affirm the trial court's order granting Orf's motion to dismiss Jamison's action.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., Concurs.