Larry SCHOENHALS, et al., Appellants,

v.

Ronald MAINS, et al., Respondents.

No. C1–93–329.

Court of Appeals of Minnesota.

Aug. 3, 1993.

**234**

Eric D. Satre, Peterson, Connor & Satre, Minneapolis, for appellants.

Christian A. Preus, Kenneth W. Dodge, Meagher & Geer, Minneapolis, for respondents.

Considered and decided by PARKER, P.J., and FORSBERG and SCHULTZ *, JJ.

## OPINION

FORSBERG, Judge.

Following their expulsion as members of Faith Tabernacle of Truth Church (Church), Larry and Nancy Schoenhals brought this action against the Church and its pastor, Ronald Mains. The district court granted summary judgment to the Church and Mains, and dismissed the Schoenhals' claims of fraud and defamation.

The Schoenhals appeal. We affirm.

### FACTS [1]

In mid-July 1988, Mains asked the Schoenhals to sign a guaranty on behalf of the Church. Mains represented to them that if

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

1. For the purposes of review of this grant of summary judgment, the Schoenhals' allegations of fact will be taken as true.

the Church ever defaulted, the guarantors would split any profits which were made on the sale of the Church.

In August 1988, Larry Schoenhals executed a guaranty to First Western Bank for the payment and performance of certain debts, liabilities, and obligations of the Church. In October 1989, the Schoenhals were notified that the Church had been late in making several payments.[2]

The Schoenhals thereafter retained an attorney, and discontinued their contact with the Church. However, they never notified the Church of their intent to terminate their memberships. Indeed, in a November 29, 1989 letter to Mains from the Schoenhals' attorney requesting their release from the guaranty, the Schoenhals were referred to in the present tense as "founding members and supporters of the church."

Mains indicated by return letter that he would respond by January 15, 1990. On that date, Mains issued a letter dismissing the Schoenhals from membership in the Church. In this "Letter of Transfer/Termination of Membership," Mains set out the following reasons for the Schoenhals' termination of membership:

1. A lack of financial stewardship with consistency and faithful tithing and offering over a given period of time.
2. A desire on your part to consistently create division, animosity and strife in the fellowship.
3. Direct fabrication of lies with the intent to hurt the reputation and the establishment of Faith Tabernacle of Truth Church and congregation.
4. Backbiting, railing accusations, division, lying, are some of the most serious sins found in the Bible. Where, by all appearances and related conversations, you have fallen into all of the categories.

---

2. However, there is no evidence to suggest that the Church has defaulted on its obligations to the Bank, or that the guarantors have otherwise been held liable for any outstanding indebtedness.

The letter was read to the entire congregation, and Mains discussed the letter with the Schoenhals' son, who was also a member of the Church.

In February 1990, Mains met with the Church guarantors, including the Schoenhals. At that meeting, Mains admitted to the Schoenhals that no profits would be split by the guarantors if the Church was ever sold.

The Schoenhals brought this action in October 1990, alleging fraud, defamation, and breach of contract by promissory estoppel. The Church and Mains moved for summary judgment on all counts. In granting their motion, the district court concluded the fraud claim was insufficient as a matter of law because it was based upon a future contingency or prediction, and the defamation claim required the court to conduct an impermissible inquiry into a church's religious affairs, which is prohibited by the First Amendment to the United States Constitution. The Schoenhals appeal the dismissal of their defamation and fraud claims.

### ISSUES

1. Did the district court err in granting summary judgment on the Schoenhals' defamation claim?

2. Did the district court err in granting summary judgment on the Schoenhals' fraud claim?

### ANALYSIS

On review of a grant of summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn. 1992). In so doing, we must view the evidence in a light most favorable to the party against whom summary judgment was granted. *Id.*

### I.

The First Amendment precludes the making of laws "respecting the establish-

ment of religion." U.S. Const.Amend. 1. This clause requires, among other things, that a law or regulation not foster excessive governmental entanglement with religion. *Black v. Snyder,* 471 N.W.2d 715, 719–20 (Minn.App.1991), *pet. for rev. denied* Aug. 29, 1991) (citing *Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971)). Thus, the First Amendment precludes judicial review of claims involving " 'core' questions of church discipline and internal governance." *Black,* 471 N.W.2d at 720 (citing *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 717, 721, 96 S.Ct. 2372, 2384, 2386, 49 L.Ed.2d 151 (1976)).

Excessive entanglement may occur when judicial review of a claim requires "a searching * * * inquiry into church doctrine." *Milivojevich,* 426 U.S. at 723, 96 S.Ct. at 2387. Such a claim might involve a church's stated reasons for rejecting an individual for pastorship or a church's stated reasons for failing to appoint an individual as an associate pastor and discharging her. *See, e.g., Minker v. Baltimore Annual Conf. of United Methodist Church,* 894 F.2d 1354, 1360–61 (D.C.Cir.1990); *Black,* 471 N.W.2d at 720 (church's stated reason for individual's discharge was her "inability to conduct her ministry efficiently"). However, when a claim may be resolved by " 'neutral methods of proof' " unrelated to issues of church doctrine or governance, then the First Amendment will not prohibit judicial review. *See Black,* 471 N.W.2d at 720 (quoting *Minker,* 894 F.2d at 1361).

The Schoenhals' claim of defamation centers upon Mains' statements supporting the decision to terminate the Schoenhals' membership in the Church. The Church and Mains assert the basis for the statements are in the Bible, and in the Church's religious beliefs and practices as expressed in the Church's written Articles of Faith and By-laws.[3]

In order to be defamatory, a statement must be communicated to someone other than the plaintiffs, must be false, and

---

**3.** In their appellate brief, the Schoenhals assert that the alleged By-laws of the Church were

never voted on by the congregation and were tabled in January 1989. This claim is apparent-

must tend to harm the plaintiffs' reputation in the community. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980). As the district court in this case reasoned:

> [A] jury could not decide whether the statements were true or false without inquiring into religious doctrine by reason of the circumstances in which the statements were made. Whether a member of a church has been faithful to the doctrines of the church cannot be determined without understanding the doctrines of the church. Enabling a jury to understand the doctrines of the plaintiffs' church would require an impermissible inquiry into these doctrines.

Since examination of the truth of Mains' statements would require an impermissible inquiry into Church doctrine and discipline, the district court did not err in concluding that the defamation claim is precluded by the First Amendment.

While Mains' statement that the Schoenhals had engaged in "[d]irect fabrication of lies with the intent to hurt the reputation and the establishment" of the Church appears unrelated to church doctrine on its face, the statement nevertheless relates to the Church's reasons and motives for terminating the Schoenhals' membership. Examination of those reasons and motives would also require an impermissible inquiry into Church disciplinary matters. *See Black*, 471 N.W.2d at 720.

Moreover, we believe that the fact that the letter was disseminated only to other members of the Church strengthens the conclusion that Mains' statements involved and were limited to Church discipline. The Schoenhals' claim clearly involves an internal conflict within the Church, which is precluded by the First Amendment.

In support of their motion for summary judgment, the Church and Mains also asserted as an alternative theory that they were entitled to a qualified privilege with respect to the Schoenhals' defamation claim. Since we conclude the defamation claim is barred by the First Amendment, we need not reach this issue.

## II.

An allegation of fraud must relate to a past or existing fact and may not be predicated upon future contingencies or predictions. *See, e.g., Kramer v. Bruns*, 396 N.W.2d 627, 631 (Minn.App.1986). The fraud claim in this case is based on Mains' representations that if the Schoenhals signed a guaranty and the Church defaulted, then the amount of proceeds from the sale of the Church would be split among the guarantors. Since Mains' representations are based upon the occurrence of several future events, we agree with the district court that the fraud claim is insufficient as a matter of law.

The Schoenhals insist that their fraud claim is not predicated upon a future contingency since Mains' representations were knowingly untrue at the time they were made. However, the Schoenhals' argument focuses on the separate element of knowing misrepresentation. This has no bearing on the existing fact requirement. *See Florenzano v. Olson*, 387 N.W.2d 168, 174 n. 4 (Minn.1986) (setting out elements of fraud).

Finally, in order to recover for fraudulent misrepresentation, the plaintiffs must show they have suffered damage. *See id.* Here, there is no evidence that the Church has defaulted on its debt or that there has been any legal action taken against the Schoenhals on the guaranty. Since the Schoenhals have failed to show they have suffered any damage, their fraud claim fails for this reason as well.

## DECISION

The grant of summary judgment to the Church and Mains is affirmed.

**Affirmed.**

---

ly being made for the first time on appeal. Even if properly raised, the only factual support for this assertion consists of selected pages of Nancy Schoenhals' deposition. However, a review of these selected pages fails to support the Schoenhals' claim that the By-laws were never adopted by Church members.