# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3751

_____

Christopher Freitas; Diane Freitas

*Plaintiffs - Appellants*

v.

Wells Fargo Home Mortgage, Inc., doing business as America Servicing Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: September 20, 2012
Filed: January 15, 2013

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Christopher and Diane Freitas ("appellants") attempted to negotiate a mortgage modification with their home mortgage loan servicer, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"). After receiving conflicting information from Wells Fargo representatives, appellants stopped paying on their mortgage loan. Wells Fargo initiated foreclosure, and appellants sued for fraudulent misrepresentation and

promissory estoppel. The district court[1] granted Wells Fargo's motion to dismiss both claims. We affirm.

## I. *Background*

Appellants obtained a home loan through BNC Mortgage, Inc., a lending arm of Lehman Brothers Bank ("Lehman Brothers"). When Lehman Brothers entered bankruptcy in 2008, Wells Fargo began servicing appellants' loan. Appellants attempted to negotiate a mortgage modification with Wells Fargo under the Home Affordable Modification Program (HAMP).[2] Under HAMP, the mortgage servicer of an eligible homeowner offers him or her a "Trial Period Plan" agreement. This agreement allows the homeowner to make modified mortgage payments for a specified term. Appellants received conflicting information from various Wells Fargo representatives concerning their eligibility for a modification under HAMP. Based on this uncertain information, and believing they would be eligible for a modification under HAMP, appellants stopped making mortgage payments. Appellants defaulted, and Wells Fargo initiated foreclosure proceedings on appellants' mortgage.

Appellants filed a complaint in the Circuit Court of Stone County, Missouri, alleging fraudulent misrepresentation and promissory estoppel and requesting injunctive relief. They specifically alleged that "[Wells Fargo's] representatives insured [sic] Plaintiffs that they would qualify for a modification and their mortgage would be modified upon receipt of requested documentation." Their complaint also alleged that they "have been unable to receive a consistent and candid answer from

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[2]Congress created HAMP through the Emergency Economic Stabilization Act of 2008, 12 U.S.C. §§ 5201 *et seq*.

[Wells Fargo's] representatives regarding a loan modification." Finally, the complaint alleged that "[i]n reliance on [Wells Fargo's] promise, Plaintiffs stopped paying their mortgage . . . ." Wells Fargo removed the action to the district court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Wells Fargo then moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted Wells Fargo's motion to dismiss.

## II. *Discussion*

Appellants ask this court to reverse the district court's dismissal of their claims and to instruct the district court to proceed with scheduling and planning for discovery.[3]

> We review *de novo* the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff

---

[3]Appellants do not raise the issue of injunctive relief in their briefs; therefore, they have abandoned that claim. "A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985). Furthermore, Wells Fargo argues that the district court properly dismissed appellants' complaint in part because no private cause of action exists against home loan servicers for failure to modify loans under HAMP. The district court's order notes that appellants claimed not to have asserted any claim under HAMP, and on appeal appellants' brief does not address the question of whether there is a private cause of action under HAMP. Consequently, the question of whether homeowners have a private cause of action under HAMP has not properly been presented for determination by this court.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

A. *Fraudulent Misrepresentation and the Heightened Pleading Standards of Federal Rule of Civil Procedure 9(b)*

Under Missouri law:

> The elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131–32 (Mo. 2010) (en banc). Appellants' complaint must also meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) for claims alleging fraud. "In alleging fraud . . . a party must state with particularity the circumstances constituting [the] fraud . . . ." Fed. R. Civ. P. 9(b). The plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (quotation and citation omitted). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quotation and citation omitted).

The district court found that Wells Fargo's representations "that [appellants] *would* qualify for a modification and that their mortgage *would* be modified once

[Wells Fargo] received necessary documentation are akin to representations as to expectations and predictions for the future [which] are insufficient to authorize a recovery for fraudulent misrepresentation." *Freitas v. Wells Fargo Home Mortg., Inc.*, 11-3146-CV-SW-RED, 2011 WL 5524913, at *3 (W.D. Mo. Nov. 14, 2011) (third alteration in original) (quotation and citation omitted). Furthermore, it found that appellants' allegations "that [they] have been unable to receive a consistent and candid answer from [Wells Fargo's] representatives regarding a loan modification" belied reasonable reliance on those representations. *Id.* at *3 (first alteration in original) (quotation omitted).

Appellants argue that the district court misunderstood their claim. They contend that they did not simply argue that Wells Fargo promised that they "would" qualify for a modification. Rather, appellants contend that they argued that Wells Fargo knowingly misrepresented that it had the *authority* to modify their loan. Given appellants' failure to argue for a private right of action under HAMP, Wells Fargo's representation that it had the authority to modify appellants' loan under federal law adds nothing to appellants' common-law state claims. Furthermore, the complaint does not identify the Wells Fargo employees alleged to have made the representations, nor does it allege the times or places at which the representations were made. The affidavit of Christopher Freitas merely states that he "attempted to negotiate a modification from 2008 to the end of 2010." Rule 9(b)'s heightened pleading standards require greater specificity when alleging a fraud claim. *See Abels*, 259 F.3d at 920.

Appellants ask this court to adopt the holding of *Doran v. Wells Fargo Bank*, CIV. 11-00132 LEK, 2012 WL 1066879 (D. Haw. Mar. 28, 2012) (slip copy). In *Doran*, the district court relaxed the heightened pleading standards of Rule 9(b) on its particular facts. *Id.* at *8. There, the plaintiffs alleged that a bank committed fraud by representing to them that it was "exploring loss mitigation alternatives with [Plaintiffs], when it was in fact, not considering them for anything but foreclosure[.]"

-5-

*Id.* at *2 (alterations in original) (quotation and citation omitted). *Doran* found that the heightened pleading standards of Rule 9(b) were met, even though the plaintiffs failed to allege the names of the particular individuals who made misrepresentations, and the plaintiffs alleged only that misrepresentations had been made "over a nine-month period." *Id.* at *5.

We decline to accept appellants' invitation to relax the Rule 9(b) pleading standards on the facts presented here. To be sure, some circuits have relaxed the heightened pleading standards of Rule 9(b) upon a showing by the plaintiff that he or she is unable, without pretrial discovery, "to obtain essential information" peculiarly in the possession of the defendant. *See Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998) (citing cases). This is not such a case. Appellants allege that Wells Fargo's representations entitled them to cease payments on their mortgage. As such, the details of those representations (e.g., the exact dates, times, and nature of the representations) were not peculiarly within Wells Fargo's possession. Appellants possessed information that would have enabled them to "state with particularity" the circumstances of Wells Fargo's representations as Rule 9(b) requires. Therefore, appellants do not state a persuasive reason for relaxing Rule 9(b)'s heightened pleading standards.

Accepting as true all factual allegations in the complaint and drawing all reasonable inferences in their favor, appellants have not stated a plausible claim for fraudulent misrepresentation. Consequently, the district court did not err in dismissing appellants' claim under Rules 12(b)(6) and 9(b).

### B. *Promissory Estoppel*

Under Missouri law, "[a] claim of promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only

enforcement of the promise could cure." *Clevenger v. Oliver Ins. Agency, Inc.,* 237 S.W.3d 588, 590 (Mo. 2007) (en banc). Furthermore,

> [a] promise is a manifestation of intention to act or refrain from acting in a specific way, so made as to justify a promisee in understanding that a commitment has been made. A promise is the promisor's expression of an intention to bring about a specified result in the future. The promise must be definite and made in a contractual sense. A supposed promise that is wholly illusory or a mere expression of intention, hope, desire, or opinion, which shows no real commitment, cannot be expected to induce reliance.

*City of St. Joseph, Mo. v. Sw. Bell Tel.*, 439 F.3d 468, 477 (8th Cir. 2006) (quotations and citations omitted) (applying Missouri law). "In Missouri, . . . it is required that a promise be as definite and delineated as an offer under contract law." *Prenger v. Baumhoer*, 939 S.W.2d 23, 27 n.4 (Mo. Ct. App. 1997).

Wells Fargo argues that appellants have failed to plead a sufficiently definite promise and that appellants' own allegation that Wells Fargo made conflicting representations defeats their claim for promissory estoppel.

The district court properly dismissed appellants' claim for promissory estoppel. Appellants' complaint alleges that Wells Fargo represented that their mortgage "would be modified upon receipt of requested documentation." The district court found this allegation insufficient to meet the "representation" element of fraudulent misrepresentation, and similar reasoning applies with respect to the "promise" element of promissory estoppel. Accepting as true that a representative of Wells Fargo made this representation to appellants, the complaint's other allegations (which we must accept as equally true) negate any reasonable inference that this representation was a "promise" sufficient to meet the first element of promissory estoppel. In particular, the complaint states that appellants were never able "to receive

a consistent and candid answer from [Wells Fargo's] representatives regarding a loan modification." Missouri law requires that a promise be "definite and delineated as an offer under contract law." *Prenger*, 939 S.W.2d at 27 n.4. But without a "consistent and candid" representation, there is nothing sufficiently "definite and delineated" to constitute a promise. Appellants' complaint does not allege facts sufficient to support an inference that Wells Fargo made a promise to modify their loan. As such, it fails to allege adequately the first element of promissory estoppel under Missouri law.

We accept as true all factual allegations in the appellant's complaint and draw all reasonable inferences in their favor. Nonetheless, we conclude that appellants have not stated a plausible claim for promissory estoppel. Consequently, the district court did not err in dismissing their claim.

## III. *Conclusion*

Because we conclude the district court did not err in dismissing appellants' claims, we affirm.

_____