# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2848

_____

W.K., Parent and Next Friend C.K., a minor; E.K., Parent and Next Friend C.K., a minor

*Plaintiffs - Appellants*

v.

Harrison School District

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: June 5, 2013
Filed: June 14, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

W.K. and E.K, as parents and next friends of C.K., appeal the district court's[1] order affirming an Arkansas Department of Education hearing officer's final order in

_____

[1]The Honorable P. K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

an action arising under the Individuals with Disabilities Education Act (IDEA). Upon careful consideration of appellants' arguments for reversal,[2] we affirm. See K.E. ex rel. K.E. v. Indep. Sch. District No. 15, 647 F.3d 795, 804 (8th Cir. 2011) (whether disabled student received free and appropriate public education is mixed question of law and fact, and this court reviews de novo district court's ultimate determination, although district court's factual findings are binding unless clearly erroneous); see also 20 U.S.C. §§ 1400(d)(1)(A), 1401(9) (defining free appropriate public education).

As the district court initially observed, the effect of the Harrison School District's (HSD's) procedural error in failing to provide proper notice before the meeting of September 2, 2010, was mitigated because W.K. and E.K. knew before the meeting that C.K.'s aggressive behavior and the safety of HSD staff would be issues on the agenda, and thus they were provided some level of participation in the meeting. See Sch. Bd. of Indep. Sch. Dist. No. 11 v. Renollett, 440 F.3d 1007, 1011 (8th Cir. 2006) (in determining that school district provided free appropriate public education, noting that individualized educational program should be set aside only if procedural inadequacies compromised student's right to appropriate education, caused deprivation of educational benefits, or seriously hampered parents' opportunity to participate in formulation process). We find no clear error in the district court's determinations that C.K.'s placement was not decided before the September 2 meeting, and that W.K. and E.K. were given multiple opportunities after September 2 to meet with HSD and work out placement for C.K. See Fort Osage R-1 Sch. Dist. v. Sims ex rel. B.S., 641 F.3d 996, 1005 & n.6 (8th Cir. 2011) (rejecting parents' contention that individualized educational program was procedurally defective, because school district predetermined educational program, including placement, without considering their concerns or evidence of student's needs, and

---

[2]We do not consider the issues appellants have expressly or otherwise waived. See Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 n.3 (8th Cir. 2013).

finding no clear error in district court's factual findings: school district willingly listened to parents' concerns, consistently considered outside medical evidence, ordered further testing based on evidence, and drafted individualized educational programs to reflect and at least partially incorporate evidence and parents' concerns); Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d at 648, 657 (8th Cir. 1999) (nothing in IDEA or its regulations prohibits school district from coming to individualized educational program meeting with tentative recommendations prepared in parents' absence). Accordingly, we agree that W.K. and E.K. failed to establish that HSD had not offered C.K. a free appropriate public education after September 2, 2010, and thus they were not entitled to receive reimbursement for placement of C.K. in a private educational institute. See Blackmon, 198 F.3d at 661. The judgment of the district court is affirmed.

_____