# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2333

_____

Selective Insurance Company of America

*Plaintiff*

v.

Heritage Construction Companies, LLC; JAC & Sons Investments; Andrew P.
Christensen; Jennifer A. Christensen

*Third Party Plaintiffs - Appellees*

v.

Philip Keithahn; Minnesota Medical University, LLC

*Third Party Defendants - Appellants*

John Does, 1 through 10

*Third Party Defendant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 22, 2025
Filed: February 2, 2026

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Heritage Construction Companies, LLC; JAC & Sons Investments; Andrew P. Christensen; and Jennifer A. Christensen (collectively, the "Heritage Plaintiffs") sued Philip Keithahn and Minnesota Medical University, LLC (MMU), alleging, as relevant, breach of contract, indemnification, negligent misrepresentation, fraudulent misrepresentation, and fraud by omission. The jury found defendants liable on all claims except fraudulent misrepresentation. The district court[1] denied motions for judgment as a matter of law or alternatively, for a new trial. Defendants appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

**I.**

In 2017, Keithahn formed MMU hoping to establish an osteopathic medical school in Gaylord, Minnesota. In November 2018, Heritage was hired as the general contractor for the school. Andrew Harvala, Heritage's project manager, signed the construction contract.

MMU planned to finance the project primarily by issuing bonds. Part of the financing—the "pre-condition" amount of $9,025,000.00—was immediately available after closing. The rest of the bonds were contingent on MMU's progress toward pre-accreditation.

In January 2019, Andrew P. Christensen, the owner of Heritage, called Keithahn to confirm that all funds necessary would be available at the closing of the bonds. Keithahn told him that the project would be funded. In February, Keithahn told Harvala that $7,000,000.00 would be available to fund construction after closing.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

-2-

On April 10, the Heritage Plaintiffs learned that the bonds closed. The pre-condition amount ($9,025,000.00) was reduced by the Costs of Issuance ($4,652,539.50) and draw requests by Keithahn ($3,108,458.56). This left $1,264,001.94 to pay MMU's construction and operational costs until it obtained pre-accreditation.

On April 15, construction began under Keithahn's direction. Heritage was paid through the end of April, exhausting the pre-condition amount. MMU had no remaining funds to pay Heritage for its continuing construction.

On April 26, MMU's pre-accreditation application was denied. Keithahn contended that MMU learned only in May that, without pre-accreditation, it could not pay for construction. The jury believed that Keithahn knew, when representing the availability of financing to Harvala and Christensen, that MMU would not have adequate funding without pre-accreditation.

On June 21, an MMU representative told Harvala that MMU had no money. Heritage suspended construction, terminated its contract with MMU, and could not pay its subcontractors. After being sued for indemnification by Selective Insurance Company of America, the Heritage Plaintiffs filed a third-party complaint.

The defendants moved for summary judgment, which was denied. Trial proceeded on claims for breach of contract, indemnification, negligent misrepresentation, fraudulent misrepresentation, and fraud by omission. MMU admitted liability for breach of contract and damages totaling $5,863,685.93.

Before trial, by an *in limine* order, the Heritage Plaintiffs were prohibited from referencing Keithahn's ownership interest in a bank holding company and from emphasizing his Harvard M.B.A. At trial, the Heritage Plaintiffs referenced MMU's inability to pay a judgment, Keithahn's majority share in the bank holding company, and his Harvard M.B.A.

-3-

At the close of the evidence, the defendants requested a jury instruction that fraud claims cannot be based on "future assurances." The district court denied the request.

Before the verdict, the defendants moved for judgment as a matter of law, which the district court denied. The jury found the defendants liable on all claims except fraudulent misrepresentation.

After the verdict, the defendants moved for judgment as a matter of law or alternatively, for a new trial. They argued that Keithahn's statements, before the pre-accreditation meeting (that the project would be funded and that $7,000,000.00 would be available after closing), do not amount to a negligent misrepresentation claim. They also argued that a new trial was warranted due to an error in the jury instructions, violations of the *in limine* ruling, the admission of improper statements, and improper impeachment. The district court denied the motions. The defendants appeal.

## II.

"We review the denial of a motion for judgment as a matter of law *de novo.*" *Sanders v. Union Pacific Railroad Co.*, 108 F.4th 1055, 1060 (8th Cir. 2024). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining [the Heritage Plaintiffs'] position." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 863 (8th Cir. 2004).

Under Minnesota law, negligent misrepresentation constitutes fraud. *Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of City of Brainerd*, 821 N.W.2d 184, 191 (Minn. 2012). Fraud requires, among other things, proof of "a false representation by a party of a past or existing material fact susceptible of knowledge." *Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986). *See also Zutz v. Case Corp.*, 422 F.3d 764, 770–71 (8th Cir. 2005) (same). A

-4-

representation about a future act or event, however, is merely a prediction, amounts to conjecture, and is not fraud.  *See Cady v. Bush*, 166 N.W.2d 358, 361 (Minn. 1969).  *See also Schoenhals v. Mains,* 504 N.W.2d 233, 236 (Minn. Ct. App. 1993) (same).

Invoking *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436 (8th Cir. 2013) the defendants claim Keithahn's representations to  Christenson—that "upon closing of the loan, the project would be funded"—and to Harvala—that "there would be $7,000,000.00 of money for construction after the close"—were statements of future assurances, not past or present facts.

In *Freitas*, the alleged misrepresentations were Wells Fargo employees' statements that the plaintiffs' "would qualify for a modification and their mortgage would be modified upon receipt of requested documentation."  *Freitas*, 703 F.3d at 438.  This court ruled this was "akin to representations as to expectations and predictions for the future," reflecting predictions of potential outcomes, and did not support a misrepresentation claim.  *Id.*  at 439.

This is not a *Freitas* case.  Keithahn's representations, while tied to a future event, related to the existence of committed financing.  Unlike in *Freitas*, where the representations were conditioned on future discretionary actions, here the conditional language, addressing only the timing of disbursement, did not convert the statements into conjectural promises.  Representations of present facts susceptible of knowledge at that time, even when tied to the occurrence of a future event, are actionable under a negligent misrepresentation claim.  *See*, *e.g.*, *Meecorp Cap. Markets, LLC v. PSC of Two Harbors, LLC*, 776 F.3d 557, 563–64 (8th Cir. 2015) (holding that a misrepresentation of present ownership or pledge rights, even when included in a document predicting property values, is actionable as a representation of present fact); *Minnesota Forest Prods., Inc. v. Ligna Mach., Inc.*, 17 F. Supp. 2d 892, 909–10 (D. Minn. 1998) (holding that a misrepresentation about a product's capabilities, though implicating future performance, is a representation of present fact as it concerns the product's inherent qualities); *Ramthun v. Bryan*

***Career Coll., Inc.***, 2013 WL 11816858, at \*4 (W.D. Ark. May 10, 2013) (holding that a representation that college credits would transfer to other schools is a representation of present fact, as transferability was knowable at the time from the school's accreditation status).

Relying on *Florenzano v. Olson*, 387 N.W.2d 168 (Minn. 1986), defendants argue that Keithahn's misrepresentations are not actionable because he honestly believed them to be true. In *Florenzano*, the Minnesota Supreme Court recognized that an honest belief may, in some circumstances, negate the scienter required for fraudulent misrepresentation. ***Florenzano***, 387 N.W.2d at 173–74. That court cautioned that "a claim to an honest belief that what is false is true is not automatic protection from liability in fraud, if that claim is, under the circumstances, completely improbable." ***Id.*** at 174. Most importantly, *Florenzano* distinguished fraudulent and negligent misrepresentation. As for negligent misrepresentation, the court explained:

> A misrepresentation is made negligently when the misrepresenter has not discovered or communicated certain information that the ordinary person in his or her position would have discovered or communicated. Proof of the subjective state of the misrepresenter's mind, whether by direct evidence or by inference, is not needed to prove negligence. Negligence is proved by measuring one's conduct against an objective standard of reasonable care or competence.

***Id.*** Because negligent misrepresentation has an objective standard, not a subjective inquiry into intent, a defendant's honest belief is not a defense to negligent misrepresentation.

The district court did not err in denying judgment as a matter of law.[2]

---

[2]The defendants' arguments about indemnity are thus moot and need not be considered by this court.

-6-

**III.**

This court "review[s] the denial of a motion for new trial for abuse of discretion, bearing in mind that such motions are generally disfavored and will be granted only where a serious miscarriage of justice may have occurred." *Keller Farms, Inc. v. McGarity Flying Serv., LLC*, 944 F.3d 975, 984 (8th Cir. 2019). A miscarriage of justice does not occur unless an error is prejudicial. *See Russell v. Whirlpool Corp.*, 702 F.3d 450, 460 (8th Cir. 2012). Reviewing the defendants' motion, this court considers the alleged error in the jury instructions, potential violations of the *in limine* order, statements made during open and closing arguments, and the use of deposition testimony for impeachment.

**A.**

Reviewing a district court's ruling on jury instructions, this court must determine "whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *Kansas City Power & Light Co. v. Ford Motor Credit Co.*, 995 F.2d 1422, 1430 (8th Cir. 1993). "The key question is whether a new trial should have been granted to avoid a miscarriage of justice." *Belk v. City of Eldon*, 228 F.3d 872, 878 (8th Cir. 2000).

Keithahn requested an instruction that "a future assurance cannot constitute a misrepresentation"—which the district court acknowledged as "legally correct." He claims he was entitled to the instruction because it was legally accurate and supported by the evidence, and that without it, the jury was inadequately informed about negligent and fraudulent misrepresentation. *See Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016) ("A party is entitled to a jury instruction on its theory of the case if the instruction is both legally accurate and supported by the evidence.").

The district court instructed the jury using the Minnesota Jury Instruction Guides for negligent and fraudulent misrepresentation. *See* 4 Minn. Dist. Judges Ass'n, **Minnesota Practice-Jury Instruction Guides**, Civil, CIVJIG 57.10, 57.20 (6th ed. 2023). As for the instruction on negligent misrepresentation—the only instruction at issue—it included all necessary elements: Heritage had to prove that MMU and/or Keithahn supplied false information in the course of business, failed to exercise reasonable care in providing it, that Heritage justifiably relied on the information, and suffered financial harm as a result.

Although the negligent misrepresentation instruction omitted any "future assurances" language, it fairly and adequately stated the law. *See State v. Jones*, 556 N.W.2d 903, 915 (Minn. 1996) (Tomljanovich, J., concurring specially) ("The guides are prepared by experienced trial judges to assist judges in fashioning instructions that are a correct statement of the law."); *State v. Jedlicka*, 1998 WL 846518, at \*3 (Minn. Ct. App. Dec. 8, 1998) ("The instructions in the jury instruction guide are presumptively valid."), *citing Jones*, 556 N.W.2d at 915; *State v. Pilcher*, 472 N.W.2d 327, 337 (Minn. 1991) (recommending use of the jury instruction guides for direction on instructions).

Most importantly, the district court did not order separate damages for negligent misrepresentation and fraud by omission, instead finding them "duplicative," because both claims compensated the same injury and did not support additional recovery. No party has objected to this conclusion. Even if Keithahn had a new trial on negligent misrepresentation, the amount of damages would not change. *See Morrill v. Becton, Dickinson & Co.*, 747 F.2d 1217, 1224 (8th Cir. 1984) (holding that duplicative awards for contract and fraud claims may be adjusted without retrial). No miscarriage of justice occurred.

The defendants are not entitled to a new trial based on their claimed jury instruction error.

B.

"In order for a violation of an order granting an in limine motion to serve as a basis for a new trial, the order must be specific in its prohibition and the violation must be clear." **Russell**, 702 F.3d at 460. "[A] new trial may follow only where the violation has prejudiced the parties or denied them a fair trial." **Pullman v. Land O'Lakes, Inc.**, 262 F.3d 759, 762 (8th Cir. 2001). A violation is prejudicial where it "in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it." **Id**.

In its *in limine* order, the district court addressed two evidentiary issues: it instructed the Heritage Plaintiffs not to "dwell" on Keithahn's Harvard M.B.A. (although it denied the defendants' motion to exclude all references to it); and the court prohibited testimony that Keithahn was a "majority shareholder" in Progressive Growth Corporation.

The defendants believe that the Heritage Plaintiffs violated the court's order by mentioning Keithahn's Harvard M.B.A. during both cross-examination and closing argument. While the district court instructed the parties not to dwell on that fact, it did not specifically limit the number of possible references to the M.B.A. over the five-day trial. The court concluded that the references were not a "clear violation." Without a specific prohibition, there can be no clear violation, and the references cannot serve as a basis for a new trial. *See Russell*, 702 F.3d at 460.

The defendants argue that the Heritage Plaintiffs also violated that order during the following exchange—which occurred immediately after the district court reiterated its ruling at sidebar to exclude testimony about Keithan's ownership interest in a bank holding company, Progressive Growth Corporation:

> Q. And, Mr. Keithahn, we've heard some discussion about Progressive Growth Corporation. That company, are you the majority shareholder in that company?

A. Yes, I am.

The district court acknowledged that the question violated the order, but ruled that a single passing violation was not prejudicial. *See Pullman*, 262 F.3d at 762–63 (holding that a single reference to insurance, though violating an *in limine* order, did not prejudice the objecting party because it was an isolated comment, not emphasized to the jury, and never mentioned again); *Res. Converting, L.L.C. v. Dunne*, 2019 WL 13169889, at *24 (S.D. Iowa Sept. 3, 2019) (holding that a violation of an *in limine* order about evidence of a party's wealth did not warrant a new trial where "counsel moved away from the comment without highlighting or dwelling on it or otherwise reinforcing it, and the comment was a single line in a trial transcript over 1300 pages"), *aff'd on other grounds*, 991 F.3d 931 (8th Cir. 2021). Here, the question was asked in isolation, with later questions focusing on Keithahn's background and banking experience, and never mentioned again. The district court did not abuse its discretion.

As the district court noted, the mixed verdict on claims based on the same evidence demonstrates that the jury was not influenced by the questioned conduct, but instead carefully considered the evidence and reached a well-reasoned decision. *See Mahaska Bottling Co., Inc. v. Bottling Grp., LLC*, 6 F.4th 828, 830 (8th Cir. 2021) (stating that when the jury awarded damages to both sides, in all likelihood "the jurors considered all of the evidence and were not moved by prejudice to punish either party based on conduct during trial").

Because any deviation from the *in limine* order did not amount in prejudice or deny a fair trial, the defendants are not entitled to a new trial.

C.

"[W]hen a new trial motion is based on improper [opening statements or] closing arguments, a new trial should be granted only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and

-10-

unfairly influence a jury's verdict." ***Harrison v. Purdy Bros. Trucking Co.***, 312 F.3d 346, 351 (8th Cir. 2002). *See also* ***Johnson v. Bowers***, 884 F.2d 1053, 1055 (8th Cir. 1989) (same).

Invoking *Union Elec. Light & Power Co. v. Snyder Est. Co.*, 65 F.2d 297 (8th Cir. 1933), and *Halladay v. Verschoor*, 381 F.2d 100 (8th Cir. 1967), Keithahn argues that he is entitled to a new trial because Heritage referenced MMU's poor financial condition in both its opening and closing arguments—stating that MMU was "bankrupt," that Heritage was left "hanging out to dry," that the suit was a "worthless gesture," and that a judgment against MMU "was not worth the paper it's written on because they have no money." *See* ***Union Elec.***, 65 F.2d at 303 ("To permit evidence of the wealth of a party litigant, except where position or wealth is necessarily involved in determining the damages sustained, is prejudicial error."); ***Halladay***, 381 F.2d at 112 (recognizing the general rule barring evidence of a plaintiff's insurance or indemnity because it distorts the jury's assessment of damages and constitutes reversible prejudice unless independently material or cured by instruction). He claims this evidence was prejudicial because it was both irrelevant and improper. *See* ***Griffin v. Hilke***, 804 F.2d 1052, 1057 (8th Cir. 1986) ("[T]his court has held that references in closing argument to the wealth of defendant's parent corporation could constitute prejudicial argument."); *Cf.* ***Gearhart v. Uniden Corp. of Am.***, 781 F.2d 147, 153 (8th Cir. 1986) (instructing the district court on retrial to prohibit improper comments in closing argument).

However, the district court correctly found that, even if the Heritage Plaintiffs' statements were "inflammatory" or "problematic," they did not warrant a new trial. This case centered on Keithahn's misrepresentations about MMU's financing for the construction project, its contingencies, and his failure to disclose that MMU did not have the funds to pay for Heritage's work. Keithahn himself testified that MMU was not a success, that he and his wife lost their investment, that MMU failed to secure additional funding after losing its bond financing, that the project collapsed for lack of accessible funds and incurred significant losses, and that MMU had no resources or ongoing operations to pay the Heritage Plaintiffs.

-11-

The district court did not abuse its discretion in denying a new trial: Statements that merely restate facts elicited at trial from properly admitted evidence are neither prejudicial nor injurious.

To the extent the statements were prejudicial, the district court remedied any prejudice by instructing the jury—both before opening statements and after closing arguments—that counsel's remarks are not evidence. *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002) ("Moreover, the district court admonished the jury, at the beginning of trial and prior to the closing arguments, that statements made by the attorneys are not evidence. The admonition remedied any prejudice incurred by Billingsley.").

## D.

Evidentiary rulings warrant a new trial only if "the errors misled the jury or had a probable effect on a jury's verdict." *Reach Companies, LLC v. Newsert, LLC*, 94 F.4th 712, 716 (8th Cir. 2024).

Keithahn argues that the district court should have granted his motion for a new trial because he was improperly impeached. Specifically, he asserts that the Heritage Plaintiffs used his deposition testimony not to directly contradict prior statements, but to emphasize his lack of recollection about facts he later recalled at trial.

However, parties are properly impeached with deposition testimony when they previously testified to a lack of recollection, but at trial claim recollection of the same facts. *See, e.g.*, *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted."); *United States v. Rogers*, 549 F.2d 490, 496 (8th Cir. 1976) (affirming that a witness who previously recalled information could be impeached when later claiming a lack

of recollection on the same subject); ***United States v. Moore***, 149 F.3d 773, 781 (8th Cir. 1998) ("But a prior statement need not be diametrically opposite to be inconsistent, and the trial judge has considerable discretion to determine when a statement is inconsistent with the witness's trial testimony.").

The Heritage Plaintiffs properly used Keithahn's deposition testimony for impeachment. Because it neither misled the jury nor affected its verdict, the district court did not err in denying his motion for a new trial.

## IV.

The defendants urge this court to conclude that, even if none of their arguments independently warrant a new trial, their cumulative effect does. A series of errors can require a new trial if their cumulative effect impacted a party's "substantial rights" or "affected the judgment." ***Krekelberg v. City of Minneapolis***, 991 F.3d 949, 959–60 (8th Cir. 2021). Although the Heritage Plaintiffs violated some of the district court's *in limine* order and made some inflammatory remarks about MMU's financial condition—even taken together—these violations did not affect the defendants' substantial rights or the jury's verdict.

The district court did not abuse its discretion in denying a new trial.

* * * * * * *

The judgment is affirmed.

_____